JOHN M. FIELDS, Appellant, *vs.* AUGUST LUEDERS *et al.* Appellees.

*Opinion filed October 24, 1916.*

1. STATUTES—*when a statute will be held repealed by implication.* While a repeal or amendment of a statute by implication is not favored, yet courts always endeavor to give effect to the true intent of the legislature, and if it is apparent that a repeal by implication was intended or is unavoidable then effect must be given to such repeal.

2. ELECTIONS—*the City Elections act of 1885 may be repealed or amended without a vote of the people adopting it.* Although the City Elections act of 1885 does not become effective in any city in the State until it has been adopted by a vote of the people, yet when it does take effect it is the act of the legislature, and may be repealed or amended without requiring a vote of the people on such repeal or amendment.

3. SAME—*the City Elections act of 1885 does not contain all the law on the subject of holding elections in cities adopting the act.* The City Elections act of 1885 does not purport to contain all the law on the subject of the holding of elections in cities adopting the act, since the act itself expressly provides that all laws or parts of laws not inconsistent with its provisions shall continue in force, and hence many provisions of the general act are still applicable to elections in cities which have adopted the City Elections act.

4. SAME—*legislature had power to fix compensation of judges and clerks of election in City Elections act of 1885.* The legislature had the right to fix the compensation for judges and clerks of election in the City Elections act of 1885 for such cities as should adopt the act, and the provision for such compensation provided for in that act becomes effective and applies to such cities as adopt the act, until changed by law.

5. SAME—*salary of judges and clerks of election fixed in City Elections act may be changed by special act or by amendment of general Elections act.* The compensation of judges and clerks of election fixed in the City Elections act of 1885 may be changed by an independent act of the legislature or by an amendment of the general Elections act of 1872, provided no constitutional provision is violated in making such amendment.

6. SAME—*the amendment in 1915 of the general Elections act repeals the provision of the City Elections act for salary of judges and clerks.* The amendment in 1915 of section 63 of the general

Elections act of 1872 was intended to apply to all judges and clerks of election in the State, whether elections are held under the said general act or under the City Elections act of 1885, and to give such amendment any force and to carry into effect the intention of the legislature it must be held that it repealed by implication those portions of the City Elections act which fixed the compensation of the judges and clerks.

7. CONSTITUTIONAL LAW—*1915 amendment of section 63 of the general Elections act is not invalid.* The 1915 amendment of section 63 of the general Elections act of 1872 is clearly within the title of that act, and said act, with the amendment, is complete in itself, and since the amendment operates as a repeal of a portion of the City Elections act by implication, only, it is not in violation of section 11 of article 4 of the constitution, requiring the subject of an act to be expressed in its title.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

HENRY J. & CHARLES AARON, for appellant.

EARL J. SMITH, SAMUEL A. ETTELSON, Corporation Counsel, GEORGE A. CHIPMAN, and WILLIS E. THORNE, (COLIN C. H. FYFFE, of counsel,) for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

Appellant, John M. Fields, a tax-payer of the city of Chicago, filed his bill of complaint in the circuit court of Cook county against certain officers of the city of Chicago to restrain the payment of the sum of $7 per day to the judges and clerks of election in the city of Chicago, on the ground that such judges and clerks of election are entitled to but $5 per day for their services. The bill alleges that in 1872 the legislature passed an act to govern the holding of elections throughout the State of Illinois, which act was in force in the city of Chicago up to and including July 1, 1885; that section 63 of the act of 1872 provided that the pay of judges and clerks of election under said act should be $3 each per day; that on June 19, 1885, the legislature

passed an act, known as the City Election act, to govern the holding of elections in municipalities which might adopt said act by popular vote; that on November 3, 1895, the electors of the city of Chicago adopted the City Election act; that section 2 of article 7 of the City Election act provided that judges and clerks of election should be allowed and paid at the rate of $3 each per day for their services; that the City Election act further provided, by section 15 of article 1 thereof, that after the adoption of the act its provisions should apply to such cities, villages and towns as shall have adopted the act, and all laws in conflict therewith shall no longer be applicable to such cities, villages or towns, but that all laws or parts of laws not inconsistent with the provisions of the act should continue in force. The bill alleges that section 2 of article 7 of the City Election act is in conflict and inconsistent with section 63 of the act of 1872, and that said section 63 has not since July 1, 1885, been applicable to the city of Chicago. The bill further alleges that in 1895 the legislature amended the act of 1872, and provided by such amendment for an increase in the compensation of judges and clerks of election in counties of the third class to the sum of $5 each per day for their services; that afterwards, in 1899, the legislature amended section 2 of article 7 of the City Election act, increasing the compensation of judges and clerks of election in counties of the third class to $5 each per day, and in 1901 again amended said section 2 by increasing the compensation of all judges and clerks of election in counties of the second and third classes to $5 per day; that said section 2, as amended in 1901, is now in full force and effect in the city of Chicago, and that all judges and clerks of election in Chicago are entitled to be paid at the rate of $5 each per day, and no more. The bill further alleges that on June 29, 1915, the legislature passed an act entitled as follows: "An act to amend section 63 of an act entitled 'An act in regard to elections and to provide for filling va-

cancies in election [elective] offices,' approved April 3, 1872, in force July 1, 1872, as amended by act approved June 24, 1895, in force July 1, 1895." That act is as follows:

"Section 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly:* That section 63 of an act entitled, 'An act in regard to elections and to provide for filling vacancies in election [elective] offices,' approved April 3, 1872, in force July 1, 1872, as amended by act approved June 24, 1895, in force July 1, 1895, be amended so as to read as follows:

"Sec. 63. All judges and clerks of election, in counties of the first and second class, shall be allowed the sum of three (3) dollars per day for their services and judges and clerks of elections in counties of the third class the sum of five ($5) dollars per day for their services, provided that all judges and clerks of election, in cities having a population of five hundred thousand (500,000) inhabitants or over shall be allowed the sum of seven (7) dollars for their services, for each regular election and for each primary; and $5 for each registration and revision." (Laws of 1915, p. 398.)

The bill alleges that the city of Chicago has a population of more than 500,000, but charges that the amendment allowing judges and clerks of election in such city the sum of $7 per day for their services for each regular election and for each primary and $5 for each registration and revision is unconstitutional in so far as it may be applied to the city of Chicago; that the defendants are threatening to, and will unless restrained, allow and pay, or cause to be paid, to the judges and clerks of election in the city of Chicago the sum of $7 per day instead of $5 per day, which will result in irreparable damage and injury to the complainant as a tax-payer.

The answers of the defendants admitted the allegations of fact in the bill but denied that the act of June 29, 1915, is unconstitutional or void as applied to the city of Chicago.

A hearing upon the bill and answers resulted in the entry of a decree dismissing the bill of complaint for want of equity at the cost of the complainant. From that decree the complainant has prosecuted this appeal.

As stated by appellant, the sole question presented on this appeal is whether the amendment in 1915 of section 63 of the act of 1872 had the effect of repealing by implication that part of the City Election act of 1885 which fixes the compensation of judges and clerks of elections at $5 per day. The rule is, as appellant contends, that in the construction of statutes a repeal or amendment by implication is not favored. However, courts always endeavor to give effect to the true intent of the legislature, and if it is apparent that a repeal by implication was intended or in the proper construction of the statute is unavoidable, then effect must be given to such repeal. This question was raised and discussed in *Union Trust Co.* v. *Trumbull,* 137 Ill. 146, and it was there held that section 122 of the County Court act of 1874 was repealed by implication by section 8 of the Appellate Court act, as amended in 1887. Although the City Election act does not become effective in any city in the State until it has been adopted by a favorable vote of the people, when it does take effect it is the act of the legislature, and may be repealed or amended without requiring a vote of the people on such repeal or amendment. *Waugh* v. *Glos,* 246 Ill. 604.

The City Election act does not pretend to contain all the law on the subject of the holding of elections in cities adopting the act. By that act it is expressly provided that all laws or parts of laws not inconsistent with the provisions of the act shall continue in force, and many provisions of the general act are still applicable to elections held in cities which have adopted the City Election act. The legislature had the right to fix the compensation for judges and clerks of election in such cities as should adopt the act in the City Election act, and the provision for the compensation of

judges and clerks of election provided for in that act became effective and applied to such cities as should adopt the act. The legislature had the power, also, to make such changes in the compensation of judges and clerks of election thereafter as it should see fit. No reason is suggested, and we perceive none, why by an independent act the legislature could not fix the compensation of all judges and clerks of election in elections held under the general act of 1872 and under the City Election act of 1885. If it had that power then, the same end could be accomplished by amendment to the general act of 1872, provided no constitutional provision was violated in making such amendment.

The amendment of 1915 to the act of 1872 was unquestionably meant to apply to all judges and clerks of election in the State, whether elections were held under the general act of 1872 or under the City Election act of 1885. The amendment permits of no other construction. The city of Chicago is the only city within the State having a population of more than 500,000, and it has adopted and is operating under the City Election act of 1885. To hold that it was not the intention of the legislature to repeal the provisions of the City Election act of 1885 fixing the compensation of the judges and clerks of election would be to render the amendment of 1915 nugatory and of no effect. To give this amendment any force and to carry into effect the evident intention of the legislature it must be held that it repealed by implication those portions of the City Election act which fixed the compensation of the judges and clerks of election.

The amendment of 1915 comes clearly within the title of the general act of 1872, and that act, embracing this amendment, is complete in itself. As the amendment operates to repeal a portion of the City Election act by implication only, it is not in violation of section 11 of article 4 of the constitution, requiring the subject of the act to be expressed in its title. (*People* v. *Wright,* 70 Ill. 388; *Timm*

v. *Harrison,* 109 id. 593; *Union Trust Co.* v. *Trumbull, supra.*) The amendment is valid and applies to all judges and clerks of election.

The decree of the circuit court is affirmed.

*Decree affirmed.*