(No. 33547.— ▮▮▮▮▮▮)

River Forest State Bank, Trustee, *et al.*, Appellees, *vs.* The Village of Hillside, Appellant.

*Opinion filed September 23, 1955.*

Donovan, Sullivan & Jeffers, of Chicago, (Thomas C. Donovan, and James J. Doheny, of counsel,) for appellant.

Peter J. Struck, of Skokie, for appellees.

Mr. Justice Bristow delivered the opinion of the court:

This is a direct appeal by defendant village of Hillside from a declaratory judgment of the circuit court of Cook County holding invalid, as applied to plaintiffs' Proviso Manor subdivision, a village ordinance requiring public sewer facilities before a building permit may be issued.

The sole issue presented in this cause is the constitutionality of the village ordinance as applied to the particular subdivision.

From the pleadings upon which the judgment was predicated, it appears that on July 10, 1953, the president and board of trustees of the village of Hillside adopted an ordinance annexing the 20-acre tract involved herein to the village, pursuant to an order of the county court allowing the annexation to be considered by the proper authorities. The president and board of trustees thereafter, on October 2, 1953, approved a plat of subdivision whereby the tract was divided into 42 lots. Plaintiffs assert, and defendant denies, that the approval was given with full knowledge that no public sewer facilities were available to the subdivision, and that, consequently, to accommodate the use of septic tanks, the lots were made much larger in square foot area than required by the zoning regulations of the village or the county. Defendant claims that the question as to whether or not public sewer facilities were available was not brought to the attention of the village board of trustees.

On December 18, 1953, the village adopted an ordinance regulating the use and construction of septic tanks, and, allegedly in reliance thereon, plaintiff River Forest State Bank, as trustee, and other owners installed water mains in the subdivision at a cost of approximately $20,000 so that the premises could be used for homes. The village then issued two building permits for such homes, under which septic tanks were authorized to be installed. However, on April 23, 1954, the village passed the controverted ordinance prohibiting the issuance of a building permit for any lot, unless public sewer facilities were available.

Plaintiffs, as owners of various portions of the subdivision, thereupon instituted proceedings for a declaratory judgment on the constitutionality of the ordinance, contending that as applied to the Proviso Manor subdivision

the ordinance was confiscatory. In support thereof, plaintiffs allege that the cost of providing sewer facilities would be prohibitive, inasmuch as the premises are not accessible to a public sewer system, since the nearest outlet in the village of Hillside is one and three-quarters miles from the Proviso Manor subdivision and lies on a higher grade, and that the sewer facilities in the adjoining village of Westchester are not large enough to allow a connection. Moreover, plaintiffs claim that in reliance upon the conduct and ordinances of the village prior to April 23, 1954, indicating that a system of septic tanks would be acceptable, plaintiffs have spent some $20,000 for a water system for homes which they will not be able to build if the ordinance is applied to the subdivision.

Defendant, however, denies that the ordinance would effect a confiscation of plaintiffs' property, or that plaintiffs would be damaged by its enforcement, and asserts that the ordinance was within the powers of the corporate authorities and enacted in the best interests of the residents of the village.

On the basis of the foregoing allegations in the pleadings, the circuit court of Cook County sustained plaintiffs' contentions and entered a declaratory judgment holding that inasmuch as it is impossible to have public sewer facilities for said Proviso Manor subdivision at a reasonable cost, the ordinance effects a confiscation of plaintiffs' property and is, therefore, invalid as applied to the Proviso Manor subdivision.

In determining the propriety of that judgment, it is evident that pursuant to the police power of the village to protect the health and safety of residents, the village may properly enact an ordinance requiring that public sewer facilities be provided before a building permit will be issued, and property rights must yield to the enforcement of such an ordinance. (*People* v. *Strautz*, 386 Ill. 360.) However, such an ordinance may be valid in its general

aspects, but as applied to a particular parcel of property may be so arbitrary and unreasonable as to result in a confiscation and be deemed invalid with reference to that property. (*Douglas* v. *Village of Melrose Park,* 389 Ill. 98.) Consequently, each case must be determined upon its own peculiar facts. *Village of La Grange* v. *Leitch,* 377 Ill. 99.

According to the pleadings herein, construed in the light of section 40(2) of the Civil Practice Act (Ill. Rev. Stat. 1953, chap. 110, par. 164(2),) whereby allegations, except for damages, not explicitly denied shall be deemed to be admitted, certain physical circumstances are established. Defendant does not deny that the nearest sewer outlet for Proviso Manor subdivision in the village of Hillside is located on a higher elevation about one and three-quarters miles from plaintiffs' property. Consequently, it is patent that the expense of procuring easements and of constructing sewer facilities for the subdivision would be considerable.

The pleadings also establish that plaintiffs have spent some $20,000 for water mains to prepare the premises for the building of homes, and reveal a course of conduct by defendant upon which plaintiffs relied, and from which they inferred that the installation of septic tanks for the homes in the subdivision would be acceptable. In that connection, defendant approved the plat of subdivision, although it contained no sewer facilities. While defendant denies knowledge of the lack of sewer facilities at the time the plat was approved, and claims that the question of whether or not public sewer facilities were available was not brought to the attention of the board of trustees, it is apparent that there were no sewer markings on the plat, and that the lot sizes were more than twice as large as required by the village zoning ordinance, in order to properly accommodate the system of septic tanks. These circumstances, considered with defendant's conduct shortly thereafter in passing the ordinance prescribing the size and

use of septic tanks in the village, and in issuing two building permits allowing the installation of septic tanks on plaintiffs' property, indicate that plaintiffs could have reasonably inferred, and were induced to believe, that the use of a system of septic tanks would be acceptable to the village.

It is apparent, therefore, that to require plaintiffs to expend the considerable sums necessary to construct public sewer facilities under the physical circumstances noted herein, after plaintiffs have already invested some $20,000 in the premises in reliance upon the acts of the village indicating the acceptability of the use of septic tanks, is tantamount to a confiscation of plaintiffs' property. Hence, it is our opinion that this ordinance requiring that public sewer facilities be available to a lot before a building permit may be issued, is unreasonable and arbitrary as applied to plaintiffs' property, and consequently invalid to that extent. The declaratory judgment of the circuit court is therefore affirmed. *Judgment affirmed.*