(No. 33943.—

FRANK M. DUGAN, Appellant, *vs.* KARL BERNING, Township Supervisor, *et al.,* Appellees.

*Opinion filed June 17, 1957.*

354

John E. Baker, Jr., and Joseph G. Hagstrom, both of Chicago, for appellant.

Robert C. Nelson, and Thomas J. Moran, State's Attorneys, and Richard R. Bairstow, all of Waukegan, for appellees.

Mr. Justice Hershey delivered the opinion of the court:

The plaintiff sued as a taxpayer in the circuit court of Lake County to enjoin the defendants from levying and

collecting taxes to build a township library in West Deerfield Township, Lake County, and from issuing bonds for that purpose. The trial court granted the defendants' motion to dismiss the complaint for failure to state a cause of action, and the plaintiff appeals to this court.

Operating under the provisions of "An Act to enable boards of directors of public libraries to borrow money for the erection or improvement of library buildings or to purchase library sites," approved in 1905, (Ill. Rev. Stat. 1953, chap. 81, pars. 46 to 54 incl.,) the Board of Library Directors of West Deerfield Township has taken the requisite steps to authorize the construction of the library and the issuance of bonds to finance the cost.

As appears from the pleadings, approximately 16 per cent of West Deerfield Township is unincorporated area, the remainder being within the corporate limits of various municipalities. Of these the city of Lake Forest, where the plaintiff's property is located, covers 36 per cent of the township area, and the village of Deerfield covers 20 per cent. The city of Lake Forest has maintained a public library since 1898, but at no time has the village of Deerfield done so. The proposed West Deerfield library is to be located at the far end of the township in the village of Deerfield, and all members of the library board are residents of that village.

The plaintiff makes three contentions, *viz.*, (1) there is no designated officer or agency authorized by law to receive and disburse the proceeds of the tax; (2) the statute under which the bonds are to be issued is no longer effective, having been nullified by subsequent legislation; (3) the proposed library is designed to benefit the village of Deerfield only, at the expense and to the detriment of the residents of the entire township.

In its broad aspects this case involves the reconciliation of various statutory provisions relating to the raising

of funds for the erection and maintenance of township libraries. These provisions are as follows: (1) the Township Library Act of 1905, particularly section 3 which relates to the receipt and handling of funds raised by bond issue for the erection of township libraries and section 9 which concerns the levy of taxes to pay for the bonds issued under the act (Ill. Rev. Stat. 1955, chap. 81, pars. 48, 54); (2) section 2 of article XI of the Township Organization Act of 1874, as amended, (Ill. Rev. Stat. 1955, chap. 139, par. 101,) dealing with authority of the township supervisor to receive and pay out money; and (3) the Libraries Act of 1872, as amended, (Ill. Rev. Stat. 1955, chap. 81, par. 1 *et seq.*) pertaining to the establishment and maintenance of public libraries in cities, villages, incorported towns and townships.

The provisions authorizing the levy of taxes for the establishment and maintenance of free public libraries and reading rooms by a city or incorporated town were first enacted in 1872. (Laws of 1871-2, p. 609; Ill. Rev. Stat. 1874, chap. 81, par. 1.) The first nine sections applied basically to cities, and sections 10 and 11 alone applied to villages, incorporated towns and townships. No provision was made for the issuance of bonds, however.

In 1891, section 13 was added to the act of 1872 and provided for the issuance of library bonds. (Laws of 1891, p. 154; Hurd's Stat. 1891, chap. 81, p. 906.) But the authority was limited to the councils of cities. Since this provision did not apply to a township, the legislature added the act of 1905 (Laws of 1905, p. 313; Hurd's Stat. 1905, chap. 81, p. 1309) to authorize the directors of township libraries to borrow money and issue bonds for the purpose of erecting, repairing, improving or purchasing sites for library buildings. It is under this legislation that the bonds in question are proposed. It was not until 1939 that the legislature made any attempt to bring township bonds

within the type of bonds that were authorized under section 13 of the general act of 1872. Laws of 1939, p. 694.

The plaintiff contends initially that there is no official or agency authorized by the act of 1905 to receive the taxes levied for library bonds and to make proper disbursements. Section 9 (par. 54) of that act provides for collection in the same manner as other taxes, but makes no specific mention as to whom they are to be paid. Section 3 (par. 48) gives the supervisor authority to collect the proceeds of the bonds.

In our opinion, the legislature intended that the same officer who receives the proceeds of the bond sale should collect and disburse the taxes. The bonds to be issued are direct township obligations; they are "bonds of said township." (Ill. Rev. Stat. 1955, chap. 81, pars. 49, 53.) They are treated as township debt for determining the debt-incurring power of the township. (Ill. Rev. Stat. 1955, chap. 81, par. 52.) The township financial officer is therefore the logical person to control the tax moneys received to pay these township financial obligations. "Statutes must be reasonably construed, so as to be applied in a practical and common sense manner" (*People ex rel. Singer* v. *Illinois Central Railroad Co.* 373 Ill. 523, 526,) and "so that absurd consequences will be avoided." *Winner* v. *Kadow*, 373 Ill. 192, 195.

We are not unmindful of a 1933 amendment to the Township Organization Act relating to the duties of supervisors which reads as follows: "The supervisor of each town shall receive and pay out all moneys raised therein for defraying town charges, except those raised for the support of highways and bridges, *and for township library purposes,* * * *." (Amendatory portion italicized.) Ill. Rev. Stat. 1955, chap. 139, par. 101.

Under section 10 of the 1872 act (Ill. Rev. Stat. 1955, chap. 81, par. 10,) the board of directors of the library

may levy a tax not exceeding .10 per cent of the value of the property. This section provides: "The proceeds of the tax shall be deposited in a fund which shall be known as the 'library fund,'" to be disbursed by the board of directors of the library. It would seem that when enacting the 1933 amendment to the Township Organization Act, the legislature was referring to the .10 per cent library tax authorized under section 10 of the 1872 act, and it was not intended to abrogate section 3 of the 1905 act which designates the supervisor as the proper official to receive moneys from the sale of bonds issued for the erection or improvement of library buildings.

The plaintiff next maintains that the act of 1905 is no longer effective, but has been "abrogated," "nullified," or "superseded." This is based upon the fact that section 13 of the 1872 act, as amended, also provides for the issuance of bonds.

However, there is no prohibition against the legislature providing two different procedures for financing the building of libraries. "Repeal of laws by implication is not favored, and it is only where there is a clear repugnance between two laws and the provisions of both cannot be carried into effect that the later law must prevail and the former be considered repealed by implication. [Citations.] Where two statutes are enacted which have relation to the same subject, the earliest continues in force unless the two are clearly inconsistent with and repugnant to each other, or unless in the latest statute some express notice is taken of the former plainly indicating an intention to repeal it, and where two acts are seemingly repugnant, they should, if possible, be so construed that the later may not operate as a repeal of the former by implication." (*Village of Glencoe* v. *Hurford,* 317 Ill. 203, 215-6.) No repugnancy between the two statutes here has been demonstrated.

The plaintiff's final argument is that the location of the library in West Deerfield will amount to the diversion of

taxes raised by one district for the sole benefit and use of another district. He points to the fact that by locating the library in West Deerfield, it gives to residents of that village convenient access to a library supported by the taxpayers of the entire district, including those in the same situation as the plaintiff who are already supporting a library in Lake Forest.

The plaintiff will receive the benefit contemplated by the legislature when it authorized the tax, *i.e.,* the use of the library for which the taxes are paid. The use of the Lake Forest library does not bar the use of the other. The plaintiff concedes that the mere circumstance of dual taxation does not offer a basis for constitutional objection. (See *People ex rel. Darnell* v. *Woodward,* 285 Ill. 165; *Board of Highway Commissioners* v. *City of Bloomington,* 253 Ill. 164.) The alleged inequities of which the plaintiff complains are beyond the reach of the courts. The bond issue is valid, and there has been no actual or threatened diversion of funds by the defendants. Hence, the plaintiff's objection is unfounded.

That the legislature is cognizant of these problems that arise in this area from the circumstance of overlapping municipalities is evidenced by the abatement provision contained in a 1955 amendment to section 10 of the 1872 act. (Ill. Rev. Stat. 1955, chap. 8, par. 10.) This amendment, however, is of no help to the plaintiff here, and he so concedes in his brief. Not only was this bond issue voted before the amendment was passed, but by its terms the statute applies only to taxes levied under that "section."

For the reasons stated, the decree of the circuit court of Lake County is affirmed.

*Decree affirmed.*