Fred Wachta *et al.*, d/b/a Belle Plaine Subdivision, Petitioners-Appellants, *v.* The Pollution Control Board *et al.*, Respondents-Appellees.

(No. 71-228;

Second District—November 15, 1972.

Wasneski, Yastrow, Kuseski & Flanigan, of Waukegan, for appellants.

William J. Scott, Attorney General, of Chicago, (Morton Friedman, Richard W. Cosby, David A. Landgraf, and Kenneth A. Manaster, Assistant Attorneys General, of counsel,) for appellees.

Mr. JUSTICE NASH delivered the opinion of the court:

Petitioners, Fred Wachta and J. Richard Mota d/b/a Belle Plaine Subdivision, seek review of a decision of Respondent, Illinois Pollution Control Board, denying them a "hardship" variance from an order of the Board which had revoked sewer connection permits for nineteen lots owned by Petitioners to the facilities of the North Shore Sanitary District.

Direct appeal was taken from the decision of the Board to this court as is afforded by Section 41 of the Environmental Control Act (Ill. Rev. Stat. 1971, Ch. 111½, Par. 1001, et seq.), and pursuant to the provisions of the Administrative Review Act.

Several weeks after oral arguments were heard by this court, our clerk was informed by Petitioners that all of the relief sought by this appeal had been granted in that the North Shore Sanitary District had issued to them the desired nineteen sewer connection permits, presumably and necessarily with the consent of the Board and the Environmental Protection Agency, Respondents herein. Petitioners urge, however, that issues presented in this case be passed upon by the court because others are similarly situated as were Petitioners.

■■ A well-recognized exception to the rule that a case which has become moot will be dismissed on appeal lies where an issue is presented which is of substantial public interest. (*Partney v. Dallas*, 111 Ill.App.2d 261.) We believe such an issue is presented here.

Petitioners have contended that under the circumstances of this case the doctrine of equitable estoppel may be applied against Respondents, Pollution Control Board and Environmental Protection Agency. Respondents deny that they are subject to that equitable principle.

A review of the circumstances of the case is necessary for a determination of this issue.

In February, 1970, Petitioners entered into a contract to purchase an unimproved tract of land in the Village of Gurnee for a price of $50,000.

They paid $10,000 down at that time with the balance to become due in January, 1972, subject to forfeiture of the land and any improvements if not then paid in full. It was Petitioners' intention to subdivide this land into some twenty-seven lots for the purpose of sale of vacant lots and for sale of houses constructed on the lots by them.

Before making any improvements to the land, Petitioners and the Village of Gurnee applied to the State Sanitary Water Board (predecessor to Respondents) for permission to install and operate sewer lines servicing all of the subdivision lots and connecting to existing sewers in the village tributary to the North Shore Sanitary District. The requested permit was granted by the Water Board on April 10, 1970, and on April 15th the Sanitary District then approved connections to its facility. With their application, Petitioners submitted plans for their sewer installation prepared by their engineers which were approved by the Water Board and the Sanitary District.

After receiving the foregoing permit, Petitioners proceeded to subdivide their land into the Belle Plaine Subdivision. They installed the sewer system therein in accordance with the approved plans and further developed the land by construction of streets, curbs and model homes. They expended further sums for engineering and advertising and incurred substantial continuing obligations for real estate taxes and interest on loans. By March 31, 1971, Petitioners had built seven houses, had sold five of them, and had an eighth house partially constructed. They had sold vacant lots. By this time there had accrued an unrecoverable investment in the project approaching $70,000; it was anticipated that upon completion and sale of the entire project Petitioners would realize a profit therefrom of $150,000.

On March 31, 1971, the Pollution Control Board (which theretofore with the Environmental Protection Agency had assumed the responsibilities of the Sanitary Water Board) entered a general order in a proceeding brought against the North Shore Sanitary District which prohibited all further sewer connections to the Sanitary District. As required of them as a result of the order, the Village of Gurnee and the Sanitary District declined to allow any further connections of Petitioners' lots to their sewer system.

On April 14th, Petitioners sought a variance from the order of the Board on the grounds of undue hardship to them pursuant to Section 35 of the Environmental Control Act. (Ill. Rev. Stat. 1971, Ch. 111½, Par. 1035.) A hearing was held by an officer appointed for that purpose by the Board in which the activities of Petitioners and the financial consequences to them described herein were received in evidence. No evidence was offered by the Respondents.

The Board thereafter entered orders on July 12, 1971, and August 5, 1971, determining that although no alternate sewer service method was feasible for the subdivision, Petitioners would be allowed only to retain the sewer connections to the systems of the seven houses already connected and that the eighth partially-completed house could be connected. Relief was denied as to the remaining nineteen lots in the subdivision. So the matter stood through the appellate process and until after oral arguments in this court when, for reasons not disclosed to us, the nineteen required sewer connection permits were issued to Petitioners.

■■ The doctrine of equitable estoppel has long been recognized and applied against subordinate public bodies. This court considered the issue in *Stahelin v. Board of Education*, 87 Ill.App.2d 28, 230 N.E.2d 465, stating at page 39,

> "Whether the doctrine of estoppel may be applied against a municipal corporation in a given case will be determined from a consideration of all the circumstances of the case. If under all of the circumstances the affirmative acts of the public body have created a situation where it would be inequitable and unjust to permit it to deny what it has done or permitted to be done, the doctrine of estoppel may be applied against it. [Cases cited.]"

It has been held to apply under the proper circumstances against school boards or districts, cities, villages, counties and sanitary districts among other public bodies. *New-Mark Builders, Inc., v. City of Aurora*, 90 Ill. App.2d 98, 102, 233 N.E.2d 44; *City of Evanston v. Robbins*, 117 Ill.App. 2d 278, 286, 254 N.E.2d 536; *Cities Service Oil Co. v. City of Des Plaines*, 21 Ill.2d 157, 171 N.E.2d 605; *Dato v. Village of Vernon Hills*, 91 Ill.App. 2d 111, 117, 233 N.E.2d 48; *People ex rel. Beverly Bank v. Hill*, 75 Ill.App. 2d 69, 221 N.E.2d 40; 28 Am.Jur.2d, Estoppel and Waiver, Sec.'s 122 and 123; 18 I.L.P., Estoppel, Sec's 33 and 34.

■■ The principles governing the application of estoppel have been summarized in *Hickey v. Ill. Central R.R. Co.*, 35 Ill.2d 427, 447-449, 220 N.E.2d 415, where it is seen that it may also be applied against the State even when it is acting in its governmental capacity. The court in *Hickey* points out that while the courts are for good reason reluctant to hold any public body subject to estoppel, it is equally true that there is no absolute immunity even in the State from the application of these equitable principles under all circumstances. In *Hickey*, the State of Illinois was estopped from asserting its claim to ownership of real estate because of the "extraordinary circumstances" present in that case. *City of Quincy v. Sturhahn*, 18 Ill.2d 604, 614, 165 N.E.2d 271; *Austin Liquor Mart, Inc. v. Dept. of Revenue*, 51 Ill.2d 1, 280 N.E.2d 437.

Circumstances similar to this case were considered in *Frank v. Sani-*

*tary Water Board of Illinois,* 33 Ill.App.2d 1, 178 N.E.2d 415, wherein the doctrine of equitable estoppel was applied against that agency. There, the Water Board sought by procedural maneuvering to prevent plaintiff from exercising his previously accrued right to connect his property to a village sewer system. The court stated at page 8,

> "While estoppel is not generally enforced against public agencies, there are circumstances under which they may be estopped from taking a position which, due to their own action, is unjust. [Cases cited.] It is our opinion that the doctrine of estoppel may be properly applied in the instant case."

It is noteworthy that the Sanitary Water Board in *Frank* is the same State agency which initially approved Petitioners' sewer construction plans and connection to the existing systems in this case. Several months later the Environmental Protection Act became effective and Respondents herein assumed the responsibilities of the Sanitary Water Board. For some eight months thereafter while Petitioners were acting in reliance upon the authorizations given to them by the Water Board, Respondents remained silent.

■■■ We perceive no unique exception to the application of the principle of estoppel, in the proper case, to the Pollution Control Board or the Environmental Protection Agency. They are subordinate agencies of the State with broad powers which may not be arbitrarily exercised and with responsibilities which must be carried out in a manner consistent with right and justice. Should the officials of these agencies by their authorized, positive acts create a situation where it would be inequitable to permit them to retract what they have done, the doctrine of estoppel may be applied against them wherever the circumstances require it.

■■ Here, the State of Illinois, through its Sanitary Water Board, did the positive act of issuing sewer permits to Petitioners which induced them to continue their construction project. They, in reliance upon the action of the Water Board, expended substantial sums of money and incurred heavy continuing liabilities which would be lost should the State now be permitted to retract what its officials had done. Under these circumstances right and justice require that the public be estopped. We believe this is the correct rule to be applied in such cases. See *Deer Park Civic Assn. v. City of Chicago,* 347 Ill.App. 346, 352, 106 N.E.2d 823; *River Forest Bank v. Village of Hillside,* 6 Ill.2d 451, 129 N.E.2d 171; *La Salle Nat. Bank v. Riverdale,* 16 Ill.2d 151, 157 N.E.2d 7; *Cities Service Oil Co. v. City of Des Plaines,* 21 Ill.2d 157, 163, 171 N.E.2d 605.

For these reasons we hold that the Pollution Control Board and Environmental Protection Agency were estopped from withdrawing the

sewer connection permission earlier granted to Petitioners by the Sanitary Water Board. As the permits in question have now been furnished to Petitioners, no further direction by this court is required.

Order reversed.

ABRAHAMSON and GUILD, JJ., concur.