RAOUL ARMOND, Plaintiff-Appellant, v. EUGENE SAWYER, Mayor of the City of Chicago, *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—88—3734

Opinion filed October 29, 1990.

David A. Culpepper, of Chicago, for appellant.

Kelly R. Welsh, Corporation Counsel, of Chicago (Ruth M. Moscovitch and L. Anita Richardson, Assistant Corporation Counsel, of counsel), for appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Raoul Armond, appeals from an order of the circuit court of Cook County revoking his license to sell liquor for consumption on the premises of his business. On appeal, plaintiff contends that: (1) the revocation was based on a void referendum option (hereinafter referendum); (2) defendants city and local liquor commission (Liquor Commission) were estopped from revoking his license after renewing it for 12 years after the referendum; and (3) the referendum, if valid, was repealed by implication. For the following reasons, we affirm.

The facts giving rise to this appeal are as follows. Plaintiff sells liquor for on-premises consumption at his tavern, the Caribbean Village, located at 1706 East 75th Street in Chicago. Plaintiff's tavern has been in operation since November 1965. As of the November 25, 1972, general election, the tavern was located within precinct 3, ward 8, of the city. The precinct was redistricted in 1973 to locate the tavern within precinct 3, ward 7, effective as of the November 5, 1974, general election.

On November 5, 1974, the eligible voters of precinct 3, ward 7, were presented with the following "Official Alcoholic Liquor Proposition Ballot":

" 'Shall the Sale at Retail of Alcoholic Liquor containing more than 4% of Alcohol by weight except in the original package and not for consumption on the premises be prohibited in this Third Precinct of the Eighth Ward of the City of Chicago?' (As the said Precinct existed as of the last General Election)"

The proposition was approved by a vote of 135 to 28. Plaintiff nevertheless continued to sell liquor for on-premises consumption at the Caribbean Village. Plaintiff's license was renewed every six months.

Defendant local liquor commission (Liquor Commission) moved to

revoke plaintiff's liquor license for violating the referendum on January 28, 1987. A hearing on the matter was held in April 1987. At this hearing, plaintiff testified that he was aware that his tavern was located in a package-only district. The Liquor Commission found plaintiff in violation of the referendum and revoked his license in May 1987.

Plaintiff appealed to the license appeals commission (Appeals Commission), and a hearing was held in October 1987. Plaintiff argued that defendants were estopped from revoking his license because he had relied on the continuous semiannual renewal of the license between 1974 and 1986. The Appeals Commission affirmed the revocation of the license and later denied plaintiff's petition for rehearing.

Plaintiff then appealed to the circuit court of Cook County, pursuant to section 7—10 of the Liquor Control Act of 1934 (Ill. Rev. Stat. 1987, ch. 43, par. 154). At this hearing, plaintiff argued not only estoppel, but also argued that the referendum applied to precinct 3, ward 8, not precinct 3, ward 7. The trial court affirmed the revocation, finding that the determination of whether the referendum applied to the Caribbean Village was a question of fact supported by the record. The trial court also rejected the estoppel argument, ruling that: (1) any licenses issued to plaintiff following the 1974 election were void under the terms of the referendum; (2) plaintiff accepted the licenses knowing that they were in violation of the law, thus negating good-faith reliance; and (3) plaintiff had not substantially changed his position in reliance on the renewals. Plaintiff now appeals to this court.

■ The standard of review for an administrative decision is whether that decision is contrary to the manifest weight of the evidence. *E.g., Commonwealth Edison Co. v. Property Tax Appeal Board* (1984), 102 Ill. 2d 443, 463, 468 N.E.2d 948, 956; *Easter Enterprises, Inc. v. Illinois Liquor Control Comm'n* (1983), 114 Ill. App. 3d 855, 857, 449 N.E.2d 1013, 1015-16.

Plaintiff's first argument on appeal is that the revocation of his license is void because the referendum upon which it was based is void. Plaintiff contends that his tavern was located in precinct 3, ward 7, when precinct 3, ward 8, was voted dry. Plaintiff concludes that not only was his tavern not in the ward which was voted dry, but also that the referendum was void because voters from precinct 3, ward 7, imposed their choice on the people in precinct 3, ward 8. In support of this argument plaintiff cites cases holding that a voter casting votes in the wrong ward cannot be counted. *E.g., Boland v. City of La Salle* (1938), 370 Ill. 387, 19 N.E.2d 177.

■ The argument is unpersuasive. The instant case does not involve voters in one ward voting in another. The referendum ballot at issue refers to precinct 3, ward 8, because the Liquor Control Act defines precincts by reference to the "last general election." (Ill. Rev. Stat. 1987, ch. 43, par. 166; see *Cooper v. Marcin* (1976), 44 Ill. App. 3d 918, 921, 358 N.E.2d 1218, 1220.) Therefore, a referendum affecting precinct 3, ward 7, must refer to affecting precinct 3, ward 8, because precinct 3, ward 7, was designated as precinct 3, ward 8, as of the 1972 general election.

Moreover, the Liquor Control Act mandates that notice of the area to be affected by a referendum be given to voters either on the ballot or in polling areas. (Ill. Rev. Stat. 1987, ch. 43, par. 171.) The record reflects that the required notice was placed on the official ballot. The record further discloses plaintiff's own admission that he knew in 1974 that the referendum applied to his tavern. Based on the record, the trial court was correct in affirming the revocation of plaintiff's license as not contrary to the manifest weight of the evidence.

Plaintiff next argues that defendants were estopped from revoking his license after defendants had renewed his license semiannually from 1974 through 1986. To estop defendant city, plaintiff must demonstrate an affirmative act by the city which induced substantial, justifiable reliance by plaintiff. See, *e.g., Bank of Pawnee v. Joslin* (1988), 166 Ill. App. 3d 927, 933, 521 N.E.2d 1177, *appeal denied* (1988), 122 Ill. 2d 569, 530 N.E.2d 238.

Plaintiff asserts that the grant of a liquor license must be considered an affirmative act by defendants. (But see *Joslin,* 166 Ill. App. 3d at 939, 521 N.E.2d at 1185 (estoppel of city requires an affirmative act such as legislation, not the unauthorized act of an officer).) However, plaintiff cites no legal authority and does not refer to the record in support of his assertion. See, *e.g., People v. Hoffmann* (1986), 140 Ill. App. 3d 1056, 489 N.E.2d 460.

■ In any event, plaintiff has not persuaded this court that defendants were estopped from revoking the license under the facts of this case. The doctrine of estoppel does not apply to the unauthorized renewal of plaintiff's liquor license. (See *Joslin,* 166 Ill. App. 3d at 939, 521 N.E.2d at 1185.) Moreover, plaintiff's admission that he knew the referendum applied to his tavern in 1974 provided the agency and the trial court with a factual basis for declining to find justifiable reliance on the semiannual license renewals.

■ Finally, plaintiff contends that the license renewals amount to a repeal by implication of the referendum. Revocation by implication is disfavored. (*E.g., Dugan v. Berning* (1957), 11 Ill. 2d 353, 358, 143

N.E.2d 547, 550; *Fields v. Lueders* (1916), 274 Ill. 562, 566, 113 N.E. 916, 917.) It is a rule of statutory interpretation which applies where two statutes would otherwise be impossible to reconcile. *Spaulding School District No. 58 v. Waukegan City School District* (1960), 18 Ill. 2d 351, 356-57, 164 N.E.2d 63, 66-67.

The present case does not involve two conflicting statutes; rather, it involves license renewals which are allegedly in conflict with the Liquor Control Act. License renewals in dry precincts or other political subdivisions are void under the express language of the Liquor Control Act. (Ill. Rev. Stat. 1987, ch. 43, par. 176.) Consequently, there is no irreconcilable conflict here; the text of the statute contemplates that license renewals might be mistakenly approved. The trial court, therefore, did not err in declining to find a revocation of the referendum by implication.

For the aforementioned reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

BUCKLEY, P.J., and O'CONNOR, J., concur.