(No. 90-CC-3356—)

LOCATIONS & PLACES, JMS INC., Claimant, v.
THE STATE OF ILLINOIS, DEPARTMENT OF TRANSPORTATION,
Respondent.

*Opinion filed February 24, 1998.*

HARRIS AND LAMBERT, (ROBERT H. HOWERTON, of counsel), for Claimant.

JAMES E. RYAN, Attorney General (MARK W. MARLOTT, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, C.J.

The Claimant seeks an award against the Respondent for damages in the amount of $3,471.90 sustained by the Claimant in the removal and replacement of an advertising billboard at the intersection of Illinois Route 13 and Illinois Route 148 in Herrin, Williamson County, Illinois. The Claimant alleges that on July 1, 1982, the placement and maintenance of highway advertising signs were controlled by the Highway Advertising Control Act of 1971, and that it was the duty of the Illinois Department of Transportation (IDOT) to enforce the provisions of the Act. The Claimant alleges that it owned and maintained a billboard at the site which had been previously approved by the Illinois Department of Transportation under the Act administered by the Department. The Claimant's damages arise out of the Department of Transportation

ordering the Claimant to remove the billboard that had previously been approved by the same Department.

This claim was submitted to the Commissioner on a written stipulation of the parties to submit the case on a bifurcated basis, trying first the issue of liability, and then, if necessary, the issue of damages.

The liability issue in this case is simply whether or not the State is equitably estopped because the State had previously issued permits for the structure in question. The Respondent argues that the State should not be estopped or held liable and cites *Hickey v. Illinois Central Railroad Company* (1966), 35 Ill. 2d. 427, 220 N.E.2d 415; *Cities Service Oil Company v. City of Des Plaines* (1961), 21 Ill. 2d 157, 171 N.E.2d 605; *City of Chicago v. Unit One Corporation* (1991), 218 Ill. App. 3d 242, 578 N.E.2d 194; *Armond v. Sawyer* (1990), 205 Ill. App. 3d 936, 563 N.E.2d 900. The Claimant cites the following cases in support of its position: *Hickey v. Illinois Central Railroad Company, supra; Schumann v. Kumarich* (1981), 102 Ill. App. 3d 454, 430 N.E.2d 99, 58 Ill. Dec. 157; *Jack Bradley Inc. v. Department of Employment Security* (1991), 146 Ill. 2d 61, 81, 585 N.E.2d 123, 165 Ill. Dec. 727; *Board of Trustees v. Stamp* (1993), 241 Ill. App. 3d 873, 608 N.E.2d 1274, 181 Ill. Dec. 800; *Wachta v. Pollution Control Board* (1972), 8 Ill. App. 3d 436, 289 N.E.2d 484.

In *Hickey, supra,* the Illinois Supreme Court held that it was elementary that ordinary limitations statutes and principles of laches and estoppel do not apply to public bodies under usual circumstances, particularly when the governmental unit is the State. However, the Court went on to point out that the State may, in peculiar circumstances, be estopped when acting in a *proprietary,* as distinguished from its *sovereign or governmental capacity.* The Court went on to point out that it had always adhered

to the rule that mere non-action of governmental officers is not sufficient to work an estoppel and that, before the doctrine can be invoked against the State, there must have been some positive acts by the officials which may have induced the action of the adverse party under circumstances where it would be inequitable to permit the Corporation to stultify itself by retracting what its officers had previously done. (220 N.E.2d 415, 425-426.) In *Schumann, supra,* the First District Appellate Court reversed a trial court and held that the affirmative act of a sovereign that would induce reliance sufficient to support a finding of estoppel against a public body must be the act of the government body itself, rather than the unauthorized act of a ministerial officer or a ministerial misinterpretation. (430 N.E.2d 99, 103.) In *Bradley, supra,* the Illinois Supreme Court held that the State was not estopped by the actions of the Department of Employment Security in previously telling an employer that only services of a food demonstrator who had written contracts with the employer would be subject to unemployment contributions, and later determining that the services in question were "employment" under the Unemployment Compensation Act. The Court stated:

"Likewise, in the present case, even if the Department determination represented an actual change in its policy towards Bradley Inc., which we are not convinced is the case, the result here is no more burdensome or unjust than a re-examination of an assessment of unemployment contributions * * *. Under such circumstances, we do not find it necessary to apply estoppel." 585 N.E.2d 123, 132.

In *Board of Trustees, supra,* the Second District Appellate Court held that equitable estoppel would apply against the State only where some positive act by State officials may have induced actions by an adverse party where it would be inequitable to hold the adverse party liable for its actions. (608 N.E.2d 1274, 1280.) In *Wachta, supra,* the Second District Appellate Court held that where developers, in reliance upon the action of a water board in

issuing sewer permits, had expended substantial sums of money and incurred heavy continuing liability in connection with a construction project, the Environmental Protection Agency and the Pollution Control Board which had assumed the responsibilities of the Water Board and which, for eight months after assuming such responsibility, had remained silent while developers were acting in reliance upon authorizations given them by Water Board were estopped from withdrawing sewer connection permission earlier granted to developers by the Water Board. 289 N.E.2d 484, 487-488.

The stipulation of the parties on the issue of liability in this case reveals that the billboard in question was originally approved in June of 1976 by IDOT for the previous owner. Thereafter, IDOT inventoried the sign on January 14, 1982. In May of 1982, the sign was destroyed by a tornado and was rebuilt by the Claimant in July of 1982. Thereafter, a "new tag" was issued by IDOT on June 14, 1983, but on October 2, 1984, the Claimant was notified by IDOT that the sign violated the Highway Advertising Control Act. On March 9, 1987, IDOT reiterated its finding of non-compliance with the Act and ordered that the Claimant must modify the previously approved structure.

In this case the State was not acting in a proprietary manner, but was instead, exercising a governmental function in administering an act regulating signing and outdoor advertising. It is not known whether inattention or mishandling of the State's employees resulted in the previous error. In any event, the Claimant is entitled to rely on the actions of the State no more in this instance than he would be upon the re-examination of a previously approved tax form. The interest of the public in the proper enforcement of statutes regulating outdoor advertising could be defeated if the State were to be estopped from the proper enforcement of the statutory scheme.

It is therefore ordered that this claim is denied.