DONALD R. STEVENSON, Petitioner-Appellant, v. THE COUNTY OFFICERS ELECTORAL BOARD et al., Respondents-Appellees.

Third District No. 78-31

Opinion filed March 13, 1978.

Burton S. Odelson, of Odelson, Sosin and Rocke, Ltd., and Sheldon Gardner, of Foss, Schuman and Drake, both of Chicago, for appellant.

Edward F. Petka, State's Attorney, of Joliet, for appellee County Officers Electoral Board.

Perry Rudman and Michael D. Block, both of Joliet, for appellee H. James Wrath.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff Donald R. Stevenson filed written objections to the nominating petition of H. James Wrath, a republican candidate for regional superintendent of schools in Will County. After a hearing pursuant to section 7—13 of the Election Code (Ill. Rev. Stat. 1975, ch. 46, par. 7—13), the County Officers Electoral Board ruled in favor of candidate Wrath with a finding that his petition was in substantial compliance with the requirements of the Election Code. Stevenson then petitioned for administrative review in the Circuit Court of Will County. After the court held that the findings of the Electoral Board were supported by the evidence in the record, Stevenson perfected this appeal.

■■ ■ The Illinois Supreme Court has recently said that before a candidate is denied a place on the ballot, the rights of both the candidate and the voter must be weighed in the balance. (*Anderson v. Schneider* (1977), 67 Ill. 2d 165, 365 N.E.2d 900.) The court also ruled that the State's

interest in protecting the integrity of the ballot must be accomplished by means that do not unnecessarily burden a candidate's interest in the availability of political opportunity. These general principles provide the framework for review of this case.

■■ The first error assigned is Wrath's failure to number consecutively the separate pages of his nominating petition as required by section 7—10 of the Election Code (Ill. Rev. Stat. 1975, ch. 46, par. 7—10). Plaintiff claims that the failure to number the pages of Wrath's petition imposed an undue burden upon anyone wishing to challenge any of the signatures. The only authority cited is an unpublished Federal district court decision which invalidated an unnumbered nominating petition. Decisions of the lower Federal courts are not binding on Illinois State courts (*People v. Stansberry* (1971), 47 Ill. 2d 541, 268 N.E.2d 431), and we note that here plaintiff was able to object to several signatures before the Electoral Board without difficulty in identifying the pages in question. Furthermore, the petition, which is in the record, consists of 48 pages and is not of such a size as would present a serious problem of page identification.

In *Williams v. Butler* (4th Dist. 1976), 35 Ill. App. 3d 532, 341 N.E.2d 394, an error in numbering Williams' 323-page petition was held not to invalidate the petition. The reviewing court stated:

"The statutory requirement * * * that the pages be numbered consecutively cannot be said in any way to relate to preservation of the integrity of the electoral process. Noncompliance with the provision in the failure to insert or number a page is a mere technicality and cannot invalidate a petition." (35 Ill. App. 3d 532, 535, 341 N.E.2d 394, 397.)

Although the error here is slightly different than occurred in *Williams*, we nonetheless believe that the failure to number the pages was a technical violation, and that the Electoral Board did not err in ruling that Wrath was entitled to a place on the primary ballot in spite of his nonconformance with the page numbering requirement.

■■ Plaintiff also contends that Wrath's petition stated incorrectly the name of the office he was seeking. Some of the pages of his nominating petition listed the office as "Superintendent of an Educational Service Region" and other pages referred to "Superintendent of an Educational Service Region, Will County, Illinois." These titles were correct at the time of previous elections; however, effective October 1, 1975, the legislature changed the designation of the chief administrative officer of an education service region from "superintendent of educational service region" to "regional superintendent of schools" or "regional superintendent." (Ill. Rev. Stat. 1975, ch. 122, pars. 3—.01 and 3A—2.)

Thus Wrath's petitions used the former title and not the current statutory designation.

A related issue was presented in *Lewis v. Dunne* (1976), 63 Ill. 2d 48, 344 N.E.2d 443, where a judicial candidate failed to designate the specific vacancy in his statement of candidacy as required by section 7—10 of the Election Code, although his nominating petition did state the vacancy he sought. The court held that Lewis was entitled to have his name placed on the ballot because "there was no basis for confusion as to the office for which the nominating papers were filed." (63 Ill. 2d 48, 53, 344 N.E.2d 443, 447.) In the case at bar there is no question as to the office which Wrath is seeking, and the record supports the Electoral Board's finding of substantial compliance with the statute.

Plaintiff argues that the Electoral Board improperly went outside the record in relying upon a pamphlet published by the State Board of Elections. When announcing the Electoral Board's decision, the chairman stated:

> "[T]his book [from the State Board of Elections] does contain the office by the name as used in the petition.
>
>       ❋  ❋  ❋
>
> The State Board of Elections puts out this book for use of people, and people using the book should not be penalized."

Plaintiff, of course, is correct that administrative agencies may not consider matter which is not in the record. (*Metropolitan Sanitary District v. Pollution Control Board* (1975), 62 Ill. 2d 38, 338 N.E.2d 392; *Caterpillar Tractor Co. v. Pollution Control Board* (3d Dist. 1977), 48 Ill. App. 3d 655, 363 N.E.2d 419.) However, any such error here was harmless since the Electoral Board also found that there was no basis for voter confusion as to the office sought. As previously indicated, the record amply supports that finding, and plaintiff has failed to show that the decision of the Electoral Board was against the manifest weight of the evidence.

Having concluded that the technical deficiencies asserted by plaintiff were insufficient to require Wrath's name to be removed from the ballot, we affirm the judgment of the Circuit Court of Will County.

Affirmed.

BARRY, P. J., and ALLOY, J., concur.