HERBERT T. SCHUMANN, JR., Plaintiff-Appellee, *v.* CECILIA KUMARICH *et al.*, Defendants.—(THERESA M. PACZESNY, Defendant-Appellant.)—EDWARD E. GORDON, Plaintiff-Appellee, *v.* CECILIA KUMARICH *et al.*, Defendants.—(THERESA M. PACZESNY, Defendant-Appellant.)

First District (5th Division)    Nos. 81-2468, 81-2469 cons.

Opinion filed November 30, 1981.

Andrew M. Raucci, of Chicago, for appellant.

Robert M. Naiman, of Chicago, for appellees.

JUSTICE MEJDA delivered the opinion of the court:

Theresa M. Paczesny (objector) raised objections to the nomination petitions of Herbert T. Schumann, Jr., and Edward E. Gordon (candidates), both of whom were seeking election to the board of trustees of Moraine Valley Community College District 524. The Education Officers Electoral Board (Electoral Board) sustained the objections to the petitions, but the circuit court reversed the Board's decision. The Electoral Board and the objector appealed that reversal.

The issues presented for review are: (1) whether section 10—4 of the Election Code (Ill. Rev. Stat. 1979, ch. 46, par. 10—4) is ambiguous re-

quiring judicial construction; (2) whether section 10—4 is mandatory or directory; (3) whether the candidates' circulators' affidavits complied with section 10—4 requirements; and (4) whether estoppel should be invoked to prevent the striking of the petitions of the candidates.

On August 17, 1981, the candidates filed nominating petitions for the office of member of the Board of Trustees of Moraine Valley Community College District 524. Candidate Schumann had originally obtained the petition forms for himself and candidate Gordon from the Moraine Valley Community College. On August 29, 1981, objector filed petitions with the secretary of the board of trustees of the college alleging that the nominating petitions of the candidates were defective because the circulator's affidavit found on the bottom of each petition failed to include the circulator's residence address and failed to state that the persons signing the petition were "registered" voters of the school district and that the signers' "respective residences" were correctly set forth.

An education officers electoral board was convened for the purpose of hearing and passing on the objector's petitions. Candidate Gordon appeared and testified at the hearing, but candidate Schumann did not appear. One member of the Electoral Board commented during the hearing that two other candidates, whose petitions were not objected to on the same grounds, submitted petitions using substantially the same form. After hearing the witnesses the Electoral Board voted 2-1 to sustain the objections and ordered the names of the candidates removed from the ballot.

The candidates sought judicial review of the Electoral Board's decision. The circuit court reversed the Electoral Board's decision and ordered the candidates' names reinstated on the ballot. The circuit court's orders do not recite the reasons for the reversals. Because of the immediacy of the upcoming election, we expedited and consolidated the appeals of the trial court's orders. Following oral arguments an order was entered in each case on October 23, 1981, with this opinion to follow. The orders reversed the trial court and removed the candidates' names from the official ballot.

OPINION

Section 3—7.1 of the Public Community College Act (Ill. Rev. Stat., 1980 Supp., ch. 122, par. 103—7.1) states that all elections held pursuant to that Act shall be governed by provisions of the general election law. Section 10—4 of the Election Code (Ill. Rev. Stat. 1979, ch. 46, par. 10—4) sets forth the information required to be included in a circulator's affidavit, which is in pertinent part as follows:

"* * * No signature shall be valid or be counted in considering the validity or sufficiency of such petition unless the requirements of

this Section are complied with. At the bottom of each sheet of such petition shall be added a statement, signed by a registered voter of the political division for which the candidate or candidates shall be nominated, stating his residence address (and if a resident of a city having a population of over 10,000 by the then last preceding federal census, also stating the street and number of such residence), certifying that the signatures on that sheet of the petition were signed in his presence and are genuine, and that to the best of his knowledge and belief the persons so signing were at the time of signing the petition duly registered voters under Articles 4, 5 or 6 of the Code of the political subdivision or district for which the candidate or candidates shall be nominated, and that their respective residences are correctly stated therein. * * *"[1]

■■ The objector correctly asserts with no apparent dispute from the candidates that this provision does not lend itself to more than one meaning. Therefore, its meaning is plain and needs no judicial construction. *People ex rel. Callahan v. Marshall Field & Co.* (1980), 83 Ill. App. 3d 811, 404 N.E.2d 368.

The objector first contends that this provision is mandatory and not directory, citing *Bowe v. Chicago Electoral Board* (1980), 79 Ill. 2d 469, 404 N.E.2d 180. In *Bowe*, the supreme court stated the requirements of section 7—10 of the Election Code (Ill. Rev. Stat. 1977, ch. 46, par. 7—10) were mandatory and not directory. Section 7—10 included content requirements for the circulator's affidavit very similar to those found in section 10—4 of the Election Code as currently amended. In rendering its opinion the *Bowe* court cited *Lawlor v. Municipal Officer Electoral Board* (1975), 28 Ill. App. 3d 823, 329 N.E.2d 436. In *Lawlor*, the court had construed section 7—10 as mandatory because the legislature had specifically and separately set forth the required contents of the nominating petition and of the certificate of candidacy. Further, the court noted that the language of the section read that "Each petition shall include * * * shall set out * * * shall state * * *" and that the word "shall" is ordinarily interpreted to be mandatory. 28 Ill. App. 3d 823, 829, 329 N.E.2d 436, 440; *Schmidt v. Powell* (1972), 4 Ill. App. 3d 34, 280 N.E.2d 236; see *People ex rel. Adamowski v. Metropolitan Sanitary District* (1958), 14 Ill. 2d 271, 150 N.E.2d 361.

Article 10 of the Election Code provides for separate and specific content requirements for certificates of nomination (Ill. Rev. Stat. 1979, ch. 46, par. 10—5) and for nominating petitions (Ill. Rev. Stat. 1979, ch. 46,

---

[1] Section 10—4 as set forth in the 1979 Illinois Revised Statutes incorporates the amendments enacted by Public Act 80-1469, §2, 1978 Ill. Laws 1847 (1978), and Public Act 81-955, §1, 1979 Ill. Laws 3524 (1979). The two amendments are not in conflict and therefore both amendments are effective and in force. *People v. Chatman* (1967), 38 Ill. 2d 265, 230 N.E.2d 879.

par. 10—4). Section 10—4 specifically provides that the requirements set forth "shall * * * be as follows" and further that, "No signature shall be valid or be counted * * * unless the requirements of [section 10—4] are complied with." Therefore, under the reasoning in *Bowe* and *Lawlor* the requirements of section 10—4 are mandatory and not directory.

■■ The candidates suggest, however, that section 3—7.10 of the Public Community College Act (Ill. Rev. Stat., 1980 Supp., ch. 122, par. 103—7.10) indicates that section 10—4 of the Election Code might be directory in the setting of the community college board of trustees election. Section 3—7.10 of the Public Community College Act does set forth the specific format for a nominating petition for the office of member of the board of trustees. Prefacing that format is the following statement: "In addition to the requirements of the general election law, the form of such petitions shall be substantially as follows * * *." In essence the candidates contend that the presence of the word "substantially" suggests that section 10—4 of the Election Code is directory in the context of community college board elections. This argument fails for two reasons: first, the word "substantially" clearly belongs to that part of the sentence which refers to the specific format set forth in section 3—7.10 of the Public Community College Act and not to the phrase containing the general election reference; second, and most importantly, the presence of the word "substantially" does not transform an otherwise mandatory provision into a directory provision. Section 7—10 of the Election Code held in *Lawlor* and *Bowe* to be mandatory contains the word "substantially" in nearly the identical phrase as is found in section 3—7.10 of the Public Community College Act. Yet, both courts held the provision to be mandatory. Thus, the requirements of section 10—4 are mandatory even in the context of a community college board of trustees election.

The candidates assert, however, that even if section 10—4 is mandatory and not directory they substantially complied with the statutory requirements. Objector asserts they did not. The applicable statutory requirements, the corresponding language in the nominating petitions to which objections were raised, and our analysis of each are set forth below.

*Objection No. 1:*
> Section 10—4 provision: "At the bottom * * * shall be added a statement, signed by a registered voter * * * stating his residence address * * *."

>> Candidate Schumann petition: "I, *Herbert T. Schumann Jr.*, hereby certify that I * * * reside within the district described in this petition * * *."
>> Candidate Gordon petition: "I, *Herbert T. Schumann Jr.*,

hereby certify that I * * * reside within the district described in this petition * * *."

Candidate Schumann was the circulator for the petitions of both candidates. Although his address was not included in the circulator's affidavit at the bottom of each sheet, it was given at the top of each page of his own petition, wherein he was named to be a candidate. Therefore, Schumann's petition substantially complied with the statute on this point. Schumann's address (as circulator) could not be ascertained, however, from any information on candidate Gordon's petition. Therefore, candidate Gordon's petition did not substantially comply with this point because his circulator, Schumann, did not attest to his address in the circulator's affidavit.

*Objection No. 2*:

Section 10—4 provision: "Such petition shall be signed by * * * qualified voters * * * [with the circulator] certifying that * * * to the best of his knowledge and belief the persons so signing were at the time of signing the petition duly registered voters under Articles 4, 5 or 6 of the Code * * *."

Candidates Schumann and Gordon petitions:

"I, * * * certify * * * that the signatures on this sheet were signed in my presence and are genuine and that to the best of my knowledge and belief the persons so signing were at the time of signing qualified voters."

Neither candidate's circulator's affidavits attested that the voters were registered, although they did attest that those signing the petitions were "qualified voters." Section 10—4 does use both the terms "qualified voters" and "registered voters." Clearly, however, the terms are not intended to be necessarily interchangeable relative to the circulator's affidavit. To hold otherwise would render meaningless and unnecessary the registration attestation requirement, specifically set forth in section 10—4. The latter construction would contradict the fundamental rule of construction that each word, clause, and sentence in a statute must if possible be given some meaning. (*Mid-South Chemical Corp. v. Carpentier* (1958), 14 Ill. 2d 514, 153 N.E.2d 72.) Furthermore, the term "qualified voters" used in section 10—4 to describe those eligible to sign nominating petitions has been construed as requiring the voters so signing to be registered voters when registration is required. (*Stout v. Black* (1972), 8 Ill. App. 3d 167, 289 N.E.2d 456.) Accordingly, section 10—4 requires that the circulator attest that the voters signing the nominating petitions are registered voters. Attesting, as here, that the voters are "qualified" is insufficient to comport with the requirements specifically enunciated in section 10—4.

*Objection No. 3:*

    Section 10—4 provision: "certifying * * * that their [the voters signing] respective residences are correctly stated therein."

        Candidates Schumann and Gordon petitions: No such statement.

Relative to the third objection, neither circulator's affidavits attested that the addresses of the voters signing were correct. Therefore, there was no compliance with this requirement.

Having determined that the circulator's affidavits failed to provide the information required by section 10—4 in two instances in candidate Schumann's case and in three instances in candidate Gordon's case, we must of necessity conclude that the circulator's affidavits in question did not comply with the statutory requirements enunciated in that section.

The candidates finally argue, however, that estoppel should be invoked to prevent the striking of their petitions and their removal from the ballot. Their estoppel theory is predicated solely on the argument that Moraine Valley Community College provided them with the nominating petition forms. The candidates do not assert, however, against whom such an estoppel argument should be invoked. It would be invalidly raised against the objector and against the Education Officers Electoral Board because they did not provide the candidates with the forms. As the candidates state they received the forms from the Moraine Valley Community College, it follows that any estoppel argument must be directed to the Board of Trustees of Community College District 524. However, the Board of Trustees of Moraine Valley is not a party to this action.

● 5, 6 Even if the Board of Trustees had been a party here, the candidates' estoppel argument is without merit. "The board of each community college district is a body politic and corporate * * *." (Ill. Rev. Stat. 1979, ch. 122, par. 103—11.) Before an estoppel against a public body can be found, it must be shown that an affirmative act occurred on the part of the governmental body which induced substantial reliance by the litigant and the complained of action. (*Lake Shore Riding Academy, Inc. v. Daley* (1976), 38 Ill. App. 3d 1000, 350 N.E.2d 17.) The affirmative act inducing reliance must be the act of the governmental body itself, rather than the unauthorized act of a ministerial officer or a ministerial misinterpretation. (*County of Cook v. Patka* (1980), 85 Ill. App. 3d 5, 405 N.E.2d 1376.) Although the distribution of the nominating petition forms was an affirmative act, the failure of the form to include specific spaces for the necessary information omitted by the candidates here can at most be seen as a ministerial error and not a governmental action of the Board itself.

■■ Finally, we do recognize that the Community College Act does state that it is the duty of the secretary of the community college board of trustees to provide candidates with petition forms. (Ill. Rev. Stat., 1980

Supp., ch. 122, par. 103—7.10.) We do not believe, however, that the responsibility to provide forms absolves the candidates of the duty to provide the information required by statute to ensure a place on a ballot. Accordingly, the estoppel argument raised by the candidates in these cases is without merit.

For these reasons stated herein, we concluded that the decision of the Electoral Board was proper and, therefore, the trial court erred in reversing that decision. Accordingly, we entered the order in each case reversing the trial court and directing that the names of the candidates not appear on the official ballot.

Reversed.

LORENZ and WILSON, JJ., concur.