STANLEY MARSZALEK, JR., Plaintiff-Appellee, v. JANET KELENSON
*et al.*, Defendants-Appellants.

First District (6th Division)   No. 1—91—0862

Opinion filed April 12, 1991.

Johnson, Schaaf & Jones, of Chicago, for appellants.

John M. O'Malley, State's Attorney, and Paul Sengpiehl, both of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Defendants, Janet Kelenson and the Electoral Board of the Village of Oak Park, appeal from a circuit court order removing Kelenson's name as a candidate for the Board of Trustees of the Oak Park Library on the April 2, 1991, ballot. Plaintiff, Stanley Marszalek, Jr., filed a number of objections to Kelenson's petitions for nomination, including an allegation that she was an improper circulator because she was registered to vote in her former married surname and her candidacy on the petition for nomination appeared in her maiden surname. The electoral board found that Kelenson was a qualified registered voter when the petitions were circulated and that there was no intent to commit fraud. The circuit court reversed the electoral board's decision and held that Kelenson's name should not appear on the April 2, 1991, ballot because her petitions for nomination were invalid.

The undisputed facts are as follows. Kelenson testified that she used her former married name (Janet K. Nemvalts) professionally, and her maiden name (Janet Kelenson) in the Oak Park community. Kelenson is currently married to Douglas Fager. (Kelenson's current married surname is not at issue in this appeal.)

Kelenson prepared petitions for nomination in her maiden surname (Kelenson), and circulated them on January 11, 12 and 15, 1991. At the time the petitions were initially circulated, Kelenson was registered to vote under her former married name (Nemvalts). On January 15, 1991, the last day the petitions were circulated, Kelenson reregistered to vote in her maiden surname. On January 18, 1991, Kelenson filed the petitions with the Oak Park Village clerk under the reregistered name of Janet Kelenson. Kelenson used her maiden surname on other election documents, including her statement of candidacy and statement of economic interest.

On February 13, 1991, the electoral board found that the signature of Janet Kelenson as circulator on the petitions for nomination satisfied the requirement of the Illinois Election Code (Ill. Rev. Stat. 1989, ch. 46, par. 1—1 *et seq*.) because circulator was, in fact, a qualified, registered voter within the district in which she circulated petitions. The electoral board found that there was no intent to commit fraud on the part of Kelenson.

The circuit court reversed the holding of the electoral board, finding that the use of a surname different than the surname under which a voter is registered challenged the integrity of the electoral process and created chaos to those attempting to administer the election laws. The circuit court found that legislative intent required that a circulator be a registered voter.

■ The sole issue on appeal is whether Kelenson, as circulator, was a registered voter within the context of section 10—4 (Ill. Rev. Stat. 1989, ch. 46, par 10—4). That statute provides that in order for a petition for nomination to be valid, a registered voter must fulfill certain obligations which include:

> "At the bottom of each sheet of such petition shall be added a statement, signed by a registered voter of the political division for which the candidate or candidates shall be nominated; stating the street address or rural route number of the voter *** certifying that the signatures on that sheet of the petition were signed in his presence; certifying that the signatures are genuine ***." Ill. Rev. Stat. 1989, ch. 46, par. 10—4.

Plaintiff asserts that there is a mandatory duty to change voter registration if there is a name change and that failure to comply is

grounds for disqualification from voting. Section 6—54 (Ill. Rev. Stat. 1989, ch. 46, par. 6—54) provides in relevant part:

> "Any registered voter who changes his or her name by marriage or otherwise, shall be required to register anew and authorize the cancellation of the previous registration."

Plaintiff maintains that Kelenson's failure to reregister to vote in her maiden surname prior to the time that she began circulating the petitions renders them invalid because she was not a registered voter.

Kelenson contends that she was a registered voter when she began circulating the petitions, and that she was properly registered in the same name that appeared on the petitions when they were filed on January 18, 1991. Kelenson further argues that by reregistering in her maiden surname on January 15, 1991, prior to the time the petitions were filed, her timely actions demonstrated substantial compliance with section 6—54.

■■ Review of the short record in this case indicates that when Kelenson circulated her petitions, she qualified as a registered voter as required by section 10—4. At the time the petitions were initially circulated, Kelenson held herself out as Janet Kelenson, the name by which she was known in the Oak Park community. Kelenson was a registered voter at all times during the circulation of the petitions, and followed the statutory requirements of registering anew and authorizing cancellation of the previous registration before her name was made a matter of public record on January 18,. 1991. We note that section 6—54 does not include· any specific time period within which reregistration following marriage must occur. More importantly, Kelenson was a registered. voter in her maiden name, the same name that appeared on the petition as a candidate, when she signed the affidavit on the petition certifying that the registered voters and their· respective addresses on the petitions were genuine.

Plaintiff relies upon *Havens v. Miller* (1981), 102 Ill. App. 3d 558, 429 N.E.2d 1292, as support for his position that Kelenson's failure to comply with the mandatory requirements of section 10—4 renders·the petitions invalid. We find, however, that *Havens* is distinguishable, since in that case the circulator failed to certify under· oath that he believed the correct residence addresses were given by signers of nominating petitions. Similarly, *Schumann v. Kumarich* (1981), 102 Ill. App. 3d 454, 430 N.E.2d 99, also cited by plaintiff, is distinguishable on its facts. In *Schumann*, this court found that a circulator's attestation that voters are "qualified" is insufficient to comport with the section 10—4 requirements pertaining to registered voters.

In this case, there is no evidence that any of the registered voters' names or addresses found on Kelenson's petitions were fraudulently obtained, nor that Kelenson had any intent to defraud the electoral board.

We conclude, therefore, that Kelenson was a registered voter within the context of section 10—4 when she filed the nominating petitions on January 18, 1991, and should not be prevented from participating as a candidate on the April 2, 1991, ballot. Illinois courts view the right of a citizen to hold political office as a valuable one, not to be prohibited or curtailed except by plain provisions of the law. *McGuire v. Nogaj* (1986), 146 Ill. App. 3d 280, 496 N.E.2d 1037.

For the foregoing reasons, the order of the circuit court of Cook County removing Kelenson's name from the ballot is reversed. We reinstate the electoral board's decision that Kelenson's name appear on the April 2, 1991, ballot as a candidate for the Board of Trustees of the Oak Park Library.*

Judgment reversed.

EGAN and LaPORTA, JJ., concur.

---

*This opinion conforms to an order of this court entered on March 22, 1991.