**Kenneth MOY and Eugene Soule, Plaintiffs–Appellees,**

**v.**

**Richard A. COWEN, et al., Defendants,**

**and**

**Patricia Nied, Intervening Defendant–Appellant.**

**No. 92–1193.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 12, 1992.

Decided Feb. 14, 1992.

Burton S. Odelson, Mathias W. Delort, Odelson & Sterk, Evergreen Park, Ill., (argued), for plaintiffs-appellees.

Jan E. Hughes, Asst. Atty. Gen., Office of the Attorney General, Civil Appeals Div. Chicago, Ill., for Cowen, Neal, Murray, Huisman, Johnson, Lanigan, Petrone and Rednour.

Thomas C. Kelleghan, Wheaton, Ill., for Carney, McNamara and Toerpe.

Paul A. Lewis, Alschuler, Putnam, McWethy, Funkey & Lewis, Aurora, Ill. (argued), for Nied.

Before EASTERBROOK and KANNE, Circuit Judges, and SHARP, District Judge.*

PER CURIAM.

Two sections of the Illinois Election Law require candidates for public office to submit their nominating petitions "neatly fastened together in book form ... and the sheets shall then be numbered consecutively." Ill.Rev.Stat. ch. 46 ¶¶ 7–10, 10–4. Kenneth Moy submitted petitions for a position on the primary ballot for one of the seats on the DuPage County Board. Patricia Nied, a registered voter in DuPage County, observed that the pages in Moy's package are unnumbered and asked the DuPage County Board of Election Commissioners to deny his request for a place on the ballot. Appellate courts of Illinois disagree about whether a failure to paginate the petition disqualifies a candidate. Compare *Jones v. Dodendorf,* 190 Ill.App.3d 557, 137 Ill.Dec. 468, 546 N.E.2d 92 (2d Dist.1989) (yes), with *Stevenson v. County Officers Electoral Board,* 58 Ill.App.3d 24, 15 Ill.Dec. 571, 373 N.E.2d 1043 (3d Dist. 1978) (no), with *Williams v. Butler,* 35 Ill.App.3d 532, 341 N.E.2d 394 (4th Dist. 1976) (maybe).

Without waiting for the Board of Election Commissioners to rule on Nied's objection, and without asking the Supreme Court of Illinois to determine what the rule of law in the state is, Moy and a voter in DuPage County filed suit in federal court under 42 U.S.C. § 1983. Relying on *Richards v. Lavelle,* 620 F.2d 144 (7th Cir.1980), which held that a state may not disqualify a candidate for submitting a nominating petition with too many signatures, Moy argued that it would violate the fourteenth amendment to exclude one who submits an unpaginated petition. He asked the court to issue an injunction directing the Board to place his name on the ballot. The Board responded that as it had yet to act on Nied's objection, it was unprepared to defend the litigation—there may well be no decision adverse to Moy, the Board observed. Cf. *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); *Greening v. Moran,* 953 F.2d 301 (7th Cir. 1992); *Pincham v. Illinois Judicial Inquiry Board,* 872 F.2d 1341 (7th Cir.1989).

The Board's noncommittal stance led Nied to file a petition to intervene. Other parties opposed this, contending that Nied lacks standing. After briefs were exchanged the district judge granted Nied's motion—without mentioning the problem of standing. The court's full explanation is: "To make sure that the objector's position is well-stated, I am going to grant the motion to intervene." After a short argument the district judge issued an injunction, holding that it would violate the Constitution to exclude from the ballot a candi-

* Honorable Allen Sharp, Chief Judge, United States District Court for the Northern District of Indiana, sitting by designation.

date whose submission is defective because unpaginated. The Board has not appealed. Perhaps it is content to be ordered to do something it would have done anyway.

Construing a state law so as to create a constitutional problem, and then holding the statute unconstitutional in litigation that may well not be adversarial, is highly problematic. If the Board had appealed, we would have been required to decide whether the court should have abstained, whether to certify the question of state law to the Supreme Court of Illinois, whether there is a constitutional flaw if *Jones v. Dodendorf* has understood the laws aright. Seen as a "sanction" for failure to paginate papers already on file, exclusion from the ballot looks draconian. But viewed *ex ante*, the requirement imposes no significant burden on candidates and aids election officials in coping with the flux of paper. Moy concedes that a state may require pagination, making it hard to see the objection to enforcing the rule by the usual method: denying the applications of those who have not complied. At oral argument, Moy denied that the Board could exclude him from the ballot even if he were asked to paginate the petition after its submission and replied with a Bronx cheer. Yet no other sanction is available; election officials do not fine applicants, and it would be silly to put Moy's name on the ballot upside down as a compromise. We suppose a court could dismiss a case or enter a default judgment if a litigant refused to number his papers. If petitions submitted one minute after the deadline may be turned down, cf. *United States v. Locke*, 471 U.S. 84, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985), why not petitions that do not comply with simple and beneficial rules?

■ But the Board did not appeal. Only Nied appealed. Her effort to upset the judgment presents the question what she is doing here in the first place. The district judge did not identify the rule authorizing her intervention, and her position does not fit neatly within Fed.R.Civ.P. 24. Courts properly hesitate before allowing intervention that may strip public officials of the ability to control litigation that af-

fects their duties. *United States v. Chicago*, 897 F.2d 243 (7th Cir.1990); *United States v. Hooker Chemicals & Plastics Corp.*, 749 F.2d 968, 984–90 (2d Cir.1984) (Friendly, J.). Intervention depends on an "interest" that may be impaired or impeded by the judgment. Nied has identified none. She is not Moy's opponent; she is no different from any other voter. The district judge's remark suggests that he confused the circumstances authorizing intervention with those making it prudent to accept papers filed by a friend of the court. Indeed, the shortfall is so patent that Nied has not established standing, and Article III of the Constitution does not permit us to adjudicate her appeal.

■ Whether one who lacks standing in her own right may intervene in litigation that is a "case" or "controversy" by virtue of concrete disputes among other persons is an interesting question, one we have reserved in the past and need not decide today. See *Bethune Plaza, Inc. v. Lumpkin*, 863 F.2d 525, 530–32 (7th Cir.1988); but see *Keith v. Daley*, 764 F.2d 1265, 1268–69 (7th Cir.1985). Nied is no longer along for the ride. The Board has dropped out. Only a person satisfying constitutional requirements may appeal in quest of an alteration in the judgment. *Diamond v. Charles*, 476 U.S. 54, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986); *Ragsdale v. Turnock*, 941 F.2d 501 (7th Cir.1991).

■ Illinois may rely on persons such as Nied to get election boards going. It may let them sue in its own courts. But Illinois may not authorize bystanders to sue in *federal* court. Nied is a bystander and nothing but. She wants the DuPage County Board of Election Commissioners to follow state law, but she suffers no injury if it does not. A resident of Springfield, Illinois—of Buffalo, Wyoming, for that matter—has the same kind of interest.

A voter may be injured by a reduction in the number of choices available, but Nied protests the inclusion rather than exclusion of a candidate. She does not contend that a ballot containing Moy's name would be so confusing that it would diminish the value of her opportunity to vote. In short, she

advances no interest other than her desire to see (her vision of) the law enforced—a desire that many cases hold does not establish standing. E.g., *Allen v. Wright,* 468 U.S. 737, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984); *Valley Forge Christian College v. Americans United For Separation of Church and State, Inc.,* 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982); *United States v. Richardson,* 418 U.S. 166, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974). We therefore dismiss Nied's appeal—without passing one way or the other on any aspect of a judgment we are unable to review.

The appeal is dismissed for want of jurisdiction.