**ROCKFORD BOARD OF EDUCATION, SCHOOL DISTRICT NO. 205, Plaintiff–Appellant,**

**and**

**People Who Care, et al., Intervenors– Appellants,**

**v.**

**ILLINOIS STATE BOARD OF EDUCATION, et al., Defendants–Appellees.**

**Nos. 97–3415, 97–3416.**

United States Court of Appeals, Seventh Circuit.

Submitted June 18, 1998.

Decided July 17, 1998.

---

Anthony G. Scariano (submitted on brief), Scariano, KUla, Ellch & Himes, Chicago, IL, William Quinlan, Thomas J. Lester, Hinshaw & Culbertson, Rockford, IL, for Plaintiff in No. 97–3415.

Lawrence J. Weiner (submitted on brief), Scariano, Kula, Ellch & Himes, Chicago, IL, William Quinlan, Thomas J. Lester, Hinshaw & Culbertson, Rockford, IL, for Plaintiff–Appellant in No. 97–3416.

Kathleen Mangold–Spoto, Robert C. Howard, Joan Matlack, Futterman & Howard, Robert E. Lehrer, Lehrer & Redleaf, Chicago, IL, for Intervenors–Appellants in No. 97–3415 and Intervenors in No. 97–3416.

James E. Ryan, Illinois Attorney General, Barbara A. Preiner, Solicitor General, A. Benjamin Goldgar, Assistant Attorney General, Civil Appeals Division, for Defendants–Appellees.

Before POSNER, Chief Judge, and BAUER and KANNE, Circuit Judges.

POSNER, Chief Judge.

Twenty-five years ago a suit was brought to rectify what was alleged to be intentional racial discrimination by the Rockford, Illinois public school system. Two years ago the district court, having found that the public school system had indeed discriminated intentionally against its black and Latino students, in violation of the equal protection clause of the Fourteenth Amendment, entered a comprehensive remedial decree. In *People Who Care v. Rockford Board of Education*, 111 F.3d 528 (7th Cir.1997), we affirmed the decree in part, reversed it in part, and remanded the case for further proceedings on remedy. Those proceedings are continuing. Meanwhile, in 1995, the defendant in the desegregation case, Rockford's board of education, brought a satellite suit against the state board of education and its superintendent (in his official capacity) charging that the state board had contributed to the segregation of the Rockford public schools in violation of various federal civil rights laws including 42 U.S.C. § 1983 and should therefore be required to pick up part of the tab for compliance with the remedial decree in the desegregation case. The plaintiff in that case,

People Who Care, representing the minority students in the Rockford schools, sought to intervene in the present suit. The district judge granted the defendant's motions to dismiss the complaint and deny the petition to intervene, and these appeals, by the Rockford board and by People Who Care, followed.

The dismissal of the petition to intervene was clearly proper. People Who Care is unable to indicate any respect in which it would benefit from the entry of a decree against the state board of education, and so under any view of the interest necessary to support either intervention as a matter of right or permissive intervention (for contrasting views, see; e.g., *Solid Waste Agency of Northern Cook County v. U.S. Army Corps of Engineers*, 101 F.3d 503, 507 (7th Cir.1996); *Moy v. Cowen*, 958 F.2d 168, 170 (7th Cir.1992) (per curiam); *Standard Heating & Air Conditioning Co. v. City of Minneapolis*, 137 F.3d 567, 570, 573 (8th Cir. 1998); *U.S. Postal Service v. Brennan*, 579 F.2d 188, 190–91 (2d Cir.1978)), the district judge cannot be faulted for denying the petition to intervene. PWC is not seeking damages, but only equitable relief. The remedial decree in the underlying desegregation suit, when finally entered, will give PWC all the equitable relief to which it is entitled. Having the decree run against another organ of state government will give it nothing more—at least so far as can be determined at this time. It is always possible that the decree will prove inadequate if it runs only against the local school board. Maybe the board, several of whose efforts to fund those portions of the decree that were not contested or have been upheld have foundered, will be unable to comply with the financial obligations imposed by the decree. Maybe it will turn defiant. Maybe the state will dissolve it. Who knows? But at present these dire possibilities are entirely speculative. Should they ever loom as real threats to PWC's ability to obtain the complete relief to which the law entitles it, it can seek supplementary relief in the desegregation suit. To order such relief now, in a different proceeding, when so far as appears the Rockford board will comply in full with any decree that is entered and withstands challenge on appeal, would be premature.

Would in fact be worse than premature. For the board's complaint was properly dismissed, and this means there is nothing for PWC to be intervening in. Apart from the fact that a city or other municipality cannot bring a suit under 42 U.S.C. § 1983, *City of Chicago v. Lindley*, 66 F.3d 819, 823 n. 6 (7th Cir.1995); *City of East St. Louis v. Circuit Court*, 986 F.2d 1142, 1144 (7th Cir. 1993), and that a state can't be sued under that statute either, *Arizonans for Official English v. Arizona*, 520 U.S. 43, 117 S.Ct. 1055, 1069, 137 L.Ed.2d 170 (1997); *Will v. Michigan Department of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the board does not assert an interest that federal law protects, and so the entire suit, not merely the section 1983 claims, fails at the threshold. The notion that the board presses on us, that it is representing the minority students (who do of course have a legal interest in the rectification of discriminatory conditions), is preposterous, not only because it has been their adversary for the past quarter century but also because the students are already represented, by PWC—and anyway, as we just saw, they have, so far as appears, nothing to gain from getting a decree against an additional defendant.

The board's concern is not with the students, but with its own pocketbook. It does not want to bear the full cost of complying with the decree in the desegregation case. In effect it is seeking a contribution to the cost of that compliance from an alleged joint tortfeasor, the state board of education. We cannot find any basis in federal law for such a claim. The federal civil rights laws do not confer a right to sue on the violators of those laws. Cf. *DeKalb County School District v. Schrenko*, 109 F.3d 680, 689 (11th Cir.1997) (per curiam). The violators are not intended beneficiaries of the laws and therefore have no right to invoke them. Cf. *Federal Election Commission v. Akins*, ── U.S. ──, ──, 118 S.Ct. 1777, 1783, 141 L.Ed.2d 10 (1998); *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 475, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982); *North Shore Gas*

*Co. v. EPA,* 930 F.2d 1239, 1243 (7th Cir. 1991). Contribution might conceivably be sought by a defendant in a civil rights suit against a third-party tortfeasor as a mode of ancillary relief under federal common law (though we cannot find a case on the issue)— but not where the parties to the dispute over contribution are organs of state government. *DeKalb County School District v. Schrenko, supra,* 109 F.3d at 689–90; *Stanley v. Darlington County School District,* 84 F.3d 707, 716–17 (4th Cir.1996); *Kelley v. Metropolitan County Board of Education,* 836 F.2d 986 (6th Cir.1987). These cases point out that federal courts don't want to involve themselves in the internal financial affairs of state governments when there is no federal interest at stake. See also *United States v. Board of School Commissioners,* 677 F.2d 1185, 1190–94 (7th Cir.1982) (dissenting opinion). And anyway that is not the nature of the Rockford board's pleading. It has not filed a third-party complaint for contribution in the desegregation suit; instead it has sought to bring an independent action, and for that there is no conceivable basis in federal law.

It is true that if the state board were a defendant along with the local board in the desegregation suit, the court in that suit would have the power to decide what each defendant would have to do in order to comply with the law, and the decision would have financial implications for each defendant. That is all that *Milliken v. Bradley,* 433 U.S. 267, 97 S.Ct. 2749, 53 L.Ed.2d 745 (1977), was about; see *Kelley v. Metropolitan County Board of Education, supra,* 836 F.2d at 991–92. The premise is missing here; the state board was not a defendant in the desegregation suit, and the relief sought by the local board is not being sought in that suit.

The dismissal of the appellants' claims was proper and so is

AFFIRMED.