SIXTH DIVISION

November 27, 2002

No. 1-02-2903

WILFRED BRENNAN, ANTHONY R. CATANZARO, LINDA D. STEVANOVICH and THE VILLAGE OF BROOKFIELD, an Illinois Municipal Corporation, 

Petitioners-Appellants,

v.

JUDITH KOLMAN, ERIC PECK and ROBERT HODGE, Constituting the Municipal Officers Electoral Board of the Village of Brookfield; MARK PASQUESI, Indiv.; and DAVID ORR, as Cook County Clerk, 

Respondents-Appellees. 

)))))))))

)))))

Appeal from the

Circuit Court of

Cook County

Honorable

Susan Fox Gillis,

Judge Presiding.

JUSTICE GALLAGHER delivered the opinion of the court:

This expedited appeal involves the validity of petitions seeking to place two referenda on the ballot of the Village of Brookfield (the Village) for the November 5, 2002, general election.  The Municipal Officers Electoral Board of the Village of Brookfield (the Electoral Board) found that the petitions substantially complied with section 28-3 of the Election Code (10 ILCS 5/28-3 (West Supp. 2001)) (the Code).  The circuit court affirmed the Electoral Board’s decision.  The Village and three individuals
(footnote: 1) (to whom we refer collectively in this appeal as the petitioners) have appealed the circuit court’s ruling.  W
e affirm the judgment of the circuit court.

In July 2002, several citizens of Brookfield circulated petitions seeking the placement of two “back door” referenda on the ballot for the November 5 general election.  Section 28-2(f) of the Code defines a “back door” referendum as “the submission of a public question to the voters of a political subdivision, initiated by a petition of voters or residents of such political subdivision, to determine whether an action by the governing body of such subdivision shall be adopted or rejected.”  10 ILCS 5/28-2(f) (West 2000).  The two referenda proposed in Brookfield asked that the Village submit to the voters the question of whether the Village should issue $10,850,000
 in general obligation bonds and $1,900,000 in taxable general obligation refunding bonds.  

The petitions were to be signed by registered and legal voters of the Village and filed with the Village.  The circulators of the petitions obtained petition forms from the Village and collected a sufficient number of signatures for each referendum.  The petitions include the following circulators’ affidavits
 below the description of the nature of the petition and the voters’ signatures and addresses: 

“I, 
(circulator’s name)
, of 
(circulator’s address)
, Brookfield, Cook County, Illinois, do hereby certify that signatures on this petition were signed in my presence within said Village and are genuine, and that no signatures on the foregoing petition were signed more than 90 days preceding the last day for the filing of the petition, and that their respective addresses are correctly stated herein.

Signed and sworn to before me on this (date) by 
/s/ (circulator’s signature)
.

            
(signature of notary public)
 

Notary Public

       My commission expires: 
(date)
 

(notary seal)”

After the petitions were filed, the Village raised several objections, including that: (1) 
the petition circulators did not properly attest that those who signed the petition were registered voters; and (2) the circulators’ affidavits at the bottom of each petition were improperly signed.  Following a hearing, the Electoral Board found that the petition forms complied with the Code and that the circulators’ affidavits sufficiently indicated the circulators intended to attest to the petitions’ veracity.
  The trial court affirmed the Electoral Board’s decision, finding “substantial and sufficient compliance” with the Code.  

This court has granted expedited consideration of this case under Supreme Court Rule 311 (155 
Ill. 2d
 R. 311).
  In reviewing an electoral board decision in a case involving questions of law, such as the interpretation of a statute, our standard of review is 
de novo
.  
Bill v. Education Officers Electoral Board of Community Consolidated School District No. 181
, 299 
Ill. App. 3d
 548, 550-51, 701 
N.E.2d
 262, 264 (1998).     

Petitioners’ first contention is 
that the circulators’ affidavits failed to state that those who signed the petition were registered voters.  They argue that section 28-3 of the Code is mandatory, not directory.  That section reads, in relevant part:

“At the bottom of each sheet of such petition shall be added a circulator’s statement, signed by a person 18 years of age or older who is a citizen of the United States, stating the street address or rural route number, as the case may be, as well as the county, city, village or town, and state; certifying that the signatures on that sheet of the petition were signed in his or her presence and are genuine, and that to the best of his or her knowledge and belief the persons so signing were at the time of signing the petition registered voters of the political subdivision or district or precinct or combination of precincts in which the question of public policy is to be submitted and that their respective residences are correctly stated therein.” 10 ILCS 5/28-3 (West Supp. 2001).

We agree with petitioners that the requirement that the circulator of a petition attest that the signers were registered voters is mandatory.  See 
Watson v. Howard
, 322 
Ill. App. 3d
 562, 565, 749 
N.E.2d 
427, 429 (2001) (“shall” in legislative provision generally interpreted to be mandatory); 
Schumann v. Kumarich
, 102 
Ill. App. 3d
 454, 457-58, 430 
N.E.2d 
99, 101 (1981).  If a 
statute imposes duties and expressly states that the failure to perform those duties renders the proceeding void, courts are generally bound to interpret those provisions as mandatory; however, the statute is directory if it merely provides that certain procedures should be done in a particular time and manner “and does not declare that their performance is essential to the validity of the proceeding.”  
People ex rel. Village of Grayslake v. Village of Round Lake Beach
, 242 
Ill. App. 3d 750, 756, 609 
N.E.2d
 1061, 1066 (1993).
  We construe section 28-3 to be mandatory since it includes the following sentence, “No signature shall be valid or be counted in considering the validity or sufficiency of such petition unless the requirements of this Section are complied with.”  10 ILCS 5/28-3 (West Supp. 2001).

However, 
substantial compliance can satisfy even a mandatory provision of the Code.  
King v. Justice Party
, 284 
Ill. App. 3d
 886, 890, 672 
N.E.2d
 900, 903 (1996).
  I
n 
Sakonyi v. Lindsey
, 261 
Ill. App. 3d
 821, 634 
N.E.2d 
444 (1994), this court discussed the purpose of the circulator’s affidavit and the language in section 28-3 requiring the circulator’s address:

“It is assumed by [the circulator’s] sworn statement that the circulator is subjecting herself to possible perjury prosecution.  Thus, the circulator’s affidavit requirement is considered a meaningful and realistic method of eliminating fraudulent signatures and protecting the integrity of the political process.”  
Sakonyi
, 261 
Ill. App. 3d
 at 826, 634 
N.E.2d 
at 447.  

The 
appellate court held that the omission of the circulator’s address from three of the four petitions verified by the circulator constituted substantial compliance with section 28-3 because the circulator’s address was present on one petition and was thus available for use in locating her.  
Sakonyi
, 261 
Ill. App. 3d
 at 826, 634 
N.E.2d 
at 447-48.  Similarly, in 
Schumann
, the court held that the candidate-circulator substantially complied with section 10-4 of the Code when his 
address was omitted from his affidavit but was included elsewhere in the petition.  
Schuman
n
, 102 
Ill. App. 3d
 at 459, 430 
N.E.2d 
at 102.  However, the 
Schumann
 court found the circulators’ affidavits insufficient because the affidavits did not attest that the petition signers were registered voters, as required by the Code, but instead stated that the signers were “qualified voters.”  
Schumann
, 102 
Ill. App. 3d
 at 459, 430 
N.E.2d 
at 102-03.     

This court has recently addressed its ability to consider language elsewhere in a petition in determining the validity of a circulator’s affidavit.  In 
Nolan v. Cook County Officers Electoral Board
, 329 
Ill. App. 3d
 52, 54, 56-57, 768 
N.E.2d 
216, 220-21 (2002), the court incorporated by reference the prefatory language that the signers were “qualified primary voters” and that the signers requested a candidate’s nomination as state senator for the “18th senatorial district” into the circulator’s affidavit that the signers were “qualified voters of the DEMOCRATIC PARTY.”  The 
Nolan
 court found that the language substantially complied with section 8-8 of the Code, which required the circulators’ affidavits to state that the petition signers were “qualified primary voters for which the nomination is sought.” 10 ILCS 5/8-8 (West Supp. 2001); 
Nolan
, 329 
Ill. App. 3d
 at 57, 768 
N.E.2d 
at 220.  

In limiting its holding to the facts before it
, the 
Nolan
 court stated
:

“[W]here, as here, the prefatory language of a candidate’s signature sheets sufficiently represents that all of the signers satisfy a particular certification requirement, it neither serves a useful purpose nor aids in preserving the integrity of the electoral process [citation] to exclude the candidate from participation for failure to demonstrate strict compliance with the relevant statutory provision.”  
Nolan
, 329 
Ill. App. 3d
 at 58, 768 
N.E.2d 
at 220.

   
Petitioners contend that the circumstances here more closely resemble 
Schumann
 and 
Havens v. Miller
, 102 
Ill. App. 3d
 558, 429 
N.E.2d 
1292 (1981)
, than 
Nolan
 because 
the circulators’ affidavits in this case are devoid of language to indicate that the circulators attested that the petition signers were registered voters
.
  I
n 
Nolan
, the relevant language was present elsewhere in the petition and was read in conjunction with the phrase in the circulator’s affidavit that the signers were qualified voters of the Democratic party.    

 W
e believe that 
Nolan
 espouses the more logical position that a court may consider the language of a petition as a whole in determining whether a petition meets requirements of the Code relating to circulators’ affidavits.  In the instant case, the opening line of each petition began: “We, the undersigned, being registered voters of the Village of Brookfield, Cook County, Illinois ***.”
  This phrase indicated that the petition signers met the requirement of section 28-3.  This result is especially appropriate where, as here, petitioners have raised no allegations of fraud or misconduct and do not contend that the petition signers were not registered voters.  
Accordingly, w
e hold
 that the petitions at issue substantially complied with section 28-3 of the Code.

Our reliance on 
Nolan
 leads us to address an important point in this case, namely that in this appeal, the Village criticizes a form that it created.  Section 28-2(f) of the Code requires the Village to provide a petition form for a “back door” referendum upon request to any individual requesting such a form. 10 ILCS 5/28-2(f) (West 2000).  
Petitioners respond that the Village’s origination of the form does not estop them from challenging the failure of the petition circulators to provide on the petitions the information that the Code requires.  Petitioners note the 
Schumann
 court’s statement, with which we agree, 
that the responsibility of a public body to provide forms does not “absolve[] the candidates of the duty to provide the information required by statute to ensure a place on a ballot.”  
Schumann
, 102 
Ill. App. 3d
 at 461, 430 
N.E.2d 
at 103.
  However, the concerns present in 
Schumann
 and in 
Havens
 are absent here.  
Schumann
 and 
Havens
 involved nominating petitions for candidates for a community college board of trustees and a school board, respectively.  In this case, the petitions were not submitted in favor of an individual’s candidacy but instead for the placement of a referendum on the Village of Brookfield ballot.  Under these facts, the Village of Brookfield is estopped from arguing that the form that it provided to the proponents of the “back door” referenda was inadequate under the Code.   

Petitioners’ final assertion is that the petitions were invalid because the circulators did not properly sign the circulators’ affidavits below the affidavit and above the notarial jurat and that the Electoral Board therefore erred in finding that the affidavits were in substantial compliance with the Code.    

An affidavit is a written declaration under oath sworn to before a person with authority under the law to administer oaths.  
Mugavero v. Kenzler
, 317 
Ill. App. 3d
 162, 165, 739 
N.E.2d 
979, 982 (2000).  Courts have generally excused clerical errors in notarial jurats where the affiant is otherwise correctly identified.  See 
Cintuc, Inc., v. Kozubowski
, 230 
Ill. App. 3d
 969, 974, 596 
N.E.2d 
101, 104 (1992).  It is undisputed that the circulators signed the petition forms; the issue stems from the location of their signatures.  As shown in the prior description of the forms, the forms did not include a blank line for the circulator’s signature below the circulator’s affidavit and above the notarial jurat.  In attempting to attest to the petitions’ validity, the circulators of every petition completed in this case signed the blank line of the notarial jurat that is customarily signed by the notary public as a verification of the circulators’ signatures.  The circulators’ signatures were preceded by the phrase, “Signed and sworn to before me on this (date) by.”  It is reasonable to presume that in signing the blank line that followed those words, which was the only unlabeled signature line below the circulator’s affidavit (the other signature line was marked “Notary Public”), the circulator intended to attest to the validity of the signatures on the petition.  We again find it relevant that the Village supplied the petition forms and that the petitioners have raised no allegations of fraud in the completion of the petitions.  We therefore find the circulators’ signatures sufficient to indicate their attestation to the validity of the signatures on the petitions.   

Accordingly, for all of the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.

O’BRIEN, P.J., and O’MARA FROSSARD, J., concur.

FOOTNOTES
1: According to the briefs, Wilfred Brennan and Linda Stevanovich are Village trustees.  The third individual named as a petitioner-appellant, Anthony Catanzaro, is not identified further.