(text box: 1) NO. 5-03-0128

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

ROGER A. KNOBELOCH, JR., ) Appeal from the

) Circuit Court of

Petitioner-Appellant, ) Madison County.

)

v. ) No. 03-MR-71

)

THE ELECTORAL BOARD FOR THE CITY )

OF GRANITE CITY, ILLINOIS; RONALD L. ) 

SELF, CASMER SKUBISH, JUDY ) 

WHITAKER, and RICHARD A. FANCHER, ) Honorable

) Ralph J. Mendelsohn,

Respondents-Appellees. ) Judge, presiding.

________________________________________________________________________

JUSTICE WELCH delivered the opinion of the court:

Richard A. Fancher is seeking the office of Granite City superintendent of streets.  On January 13, 2003, he filed his nomination papers, including a statement of candidacy, nomination petitions, a receipt for economic interest statement, and a loyalty oath.  Shortly after these papers were filed, Roger A. Knobeloch, Jr. (petitioner), filed an objection.  An election is to be held on April 1, 2003.  

Petitioner claimed that Fancher's statement of candidacy and most of his nomination petitions did not comply with the statutory requirements set forth in sections 10-4 and 10-5 of the Illinois Election Code (Code) (10 ILCS 5/10-4, 10-5 (West 2000)).  Specifically, petitioner claims that certain papers were not signed and sworn to before an appropriate officer authorized to take acknowledgments of deeds in Illinois or authorized to administer oaths in Illinois.  Petitioner contends that those papers that were signed and sworn to before Kathlyn Moore, a notary public commissioned by the State of Missouri, were invalid.  Moore is not a notary commissioned by the State of Illinois, the state where the papers were signed and the oath was sworn.  Petitioner sought the removal of Fancher's name from the ballot.

After a hearing before the Electoral Board for the City of Granite City, Illinois (Board), the Board denied petitioner's objections.  The Board found that Fancher had a good-faith belief that at the time of the signing and oaths he was doing so before a person authorized to take such oaths.  Therefore, the Board concluded that the intent of the Code had been fulfilled and that, absent an allegation of fraud or an intent to deceive, Fancher should be allowed to remain on the ballot.  Petitioner sought the review of this decision before the circuit court of Madison County.  The circuit court refused to disturb the decision of the Board.  We now have petitioner's expedited appeal before us.

The facts in this case, as stipulated to by the parties, are as follows.  Fancher's nomination papers include 27 nominating petitions containing a total of approximately 500 signatures.  These petitions were completed between November 21, 2002, and January 12, 2003.  At the bottom of each petition is a statement of certification.  Twenty-six of the petitions are notarized by Moore.  Fancher's statement of candidacy is also notarized by Moore.

Moore is a notary public commissioned by the State of Missouri.  This is evident on the seal stamped on each notarization.  In October 2002, Moore contacted the Illinois State Board of Elections to ascertain whether she, a Missouri notary, had the authority to notarize Illinois election documents.  She was told that she could.  At the time of the notarizations, both Fancher and Moore believed that Moore's notarization was authorized under Illinois law.  However, Fancher and Moore now understand that Moore did not have authority to notarize these papers in Illinois.  There is no allegation of fraud, corruption, or dishonesty pertaining to the notarial act.  We now turn to the relevant statutes.

Section 10-4 of the Code provides that the statement of certification "shall be sworn to before some officer authorized to administer oaths in this State."  10 ILCS 5/10-4 (West 2000).  Section 10-5 of the Code provides that the statement of candidacy "shall be subscribed and sworn to by such candidate before some officer authorized to take acknowledgments of deeds in this State."  10 ILCS 5/10-5 (West 2000).  Fancher does not dispute that Moore did not have the authority to administer oaths in Illinois or that she did not have the authority to take acknowledgments of deeds in Illinois.  However, Fancher contends that the unknowing use of a defective notary is not fatal; that because he signed and took the oaths before a person whom he believed to be an authorized notary, the provisions were substantially complied with; and finally, that the integrity of the political process was not jeopardized by Fancher's actions and so his name should remain on the ballot.

The provisions of the Code are designed to protect the integrity of the electoral process.  
Welch v. Johnson
, 147 Ill. 2d 40, 56 (1992).  There is no dispute that the provisions in sections 10-4 and 10-5 are mandatory.  See 
Hagen v. Stone
, 277 Ill. App. 3d 388, 391 (1995) (holding that the section 10-4 requirement that a circulator's affidavit include a statement of when the sheet was circulated is a mandatory provision); 
Serwinski v. Board of Election Commissioners of the City of Chicago
, 156 Ill. App. 3d 257, 260 (1987) (the subscription-and-oath provision of section 10-5 is mandatory).  A mandatory provision is one that will describe the consequences of failing to follow its provisions (
Johnson v. Theis
, 282 Ill. App. 3d 966, 972 (1996)), and the conduct is prescribed in order to safeguard a person's rights, which may be injuriously affected by a failure to act in the manner specified.  
Shipley v. Stephenson County Electoral Board
, 130 Ill. App. 3d 900, 903 (1985).  The failure to follow a mandatory provision renders the proceeding to which it relates illegal and void.  
Serwinski
, 156 Ill. App. 3d at 259.

Essentially, Fancher's argument on appeal is that even though these are mandatory provisions, he substantially complied with these provisions and, therefore, the 26 petitions and the statement of candidacy should not be considered defective.  Fancher cites several cases that have accepted the theory of substantial compliance with mandatory provisions, including a recent appellate court decision in 
Brennan v. Kolman
, 335 Ill. App. 3d 716, 720 (2002) (stating that "substantial compliance can satisfy even a mandatory provision of the Code" and then holding that although affidavits failed to state that those who signed the petition were registered voters, the opening line in the petitions made that statement and thus the petitions substantially complied with section 28-3 of the Code (10 ILCS 5/28-3 (West 2000))).  See also 
Sakonyi v. Lindsey
, 261 Ill. App. 3d 821, 826 (1994) (despite the failure to include a circulator's address on three of the four petitions verified by the circulator, where the address was present on one petition and thus available for use in locating her, there was substantial compliance with the mandatory provision of section 28-3 of the Code); 
Schumann v. Kumarich
, 102 Ill. App. 3d 454, 459 (1981) (although an address was not included in the circulator's affidavit at the bottom of each sheet, because the address was given at the top of each page of his own petition wherein he was named to be a candidate, there was substantial compliance with the requirements of section 10-4 on this point); 
Shipley
, 130 Ill. App. 3d at 907 (a notarization was invalid, but section 28-3 was substantially complied with where the circulators believed they could be subjected to perjury prosecutions if the statements they made proved to be false, where there was no evidence of fraud or corruption, where none of the parties knew that the notarization was invalid, and where the integrity of the political process was not in jeopardy).  

However, as we recently stated in 
Powell v. East St. Louis Electoral Board
, No. 5-03-0071 (February 19, 2003), we believe that the Illinois Supreme Court's decision in 
DeFabio v. Gummersheimer
, 192 Ill. 2d 63, 66 (2000), is controlling.  In 
Gummersheimer
, the supreme court rejected the use of the substantial-compliance theory for mandatory provisions in the Code.  In 
Powell
, we stated, "
Gummersheimer
 held that a mandatory provision of the Election Code must be enforced even where parties agree there is no knowledge or evidence of fraud or corruption."  
Powell
, slip op. at 5.  We adhere to this interpretation of 
Gummersheimer
 that substantial compliance is no longer sufficient.  Although we are sympathetic to Fancher's situation, we cannot overlook petitioner's statement that an opposing view "effectively permits a candidate's ignorance of Illinois law to insulate himself or herself from the consequences of any and all violations of mandatory legal requirements."  Here, even though the parties agree that there is no knowledge or evidence of fraud or corruption and that Fancher, at the time of his signing and oath, fully believed that he was certifying said papers before an authorized notary and therefore subjecting himself to the laws of perjury, we believe that we are bound by the supreme court's decision in 
Gummersheimer
.  Accordingly, because the statement of candidacy and nearly all of the petitions do not comply with the mandatory provisions in sections 10-4 and 10-5 of the Code because they were not sworn to before an appropriate officer
(footnote: 1), they must be ruled invalid.  Wherefore, we reverse the decision of the circuit court, and pursuant to our authority under Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)), we direct that Fancher's name be removed from the ballot.

We further direct that the mandate issue 
instanter
.

Reversed; judgment entered; mandate to issue 
instanter
.

HOPKINS, P.J., and KUEHN, J., concur.

                                      NO. 5-03-0128

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

ROGER A. KNOBELOCH, JR., ) Appeal from the

) Circuit Court of

Petitioner-Appellant, ) Madison County.

)

v. ) No. 03-MR-71

)

THE ELECTORAL BOARD FOR THE CITY )

OF GRANITE CITY, ILLINOIS; RONALD L. ) 

SELF, CASMER SKUBISH, JUDY ) 

WHITAKER, and RICHARD A. FANCHER, ) Honorable

) Ralph J. Mendelsohn,

Respondents-Appellees. ) Judge, presiding.

___________________________________________________________________________________

Opinion Filed
: March 26, 2003 

___________________________________________________________________________________

Justices
: Honorable Thomas M. Welch, J.

Honorable Terrence J. Hopkins, P.J., and

Honorable Clyde L. Kuehn, J.,

Concur

___________________________________________________________________________________

Attorneys
 Robert E. Becker, Garrett P. Hoerner, Becker, Paulson, Hoerner & Thompson, P.C.,

for
 5111 West Main Street, Belleville, IL 62226

Appellant
 

___________________________________________________________________________________

Attorney
 Thomas E. Schooley, Law Offices of William W. Schooley, 2038 Edison Avenue,

for
 Granite City, IL 62040

Appellees
 

___________________________________________________________________________________

FOOTNOTES
1:
Cf. Roth v. Illinois Farmers Insurance Co.
, 202 Ill. 2d 490, 494 (2002) (stating  "[litigant] did not file an 'affidavit' *** because the document filed *** does not consist of a statement sworn to before a person who has authority under the law to administer oaths").

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 03/26/03.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.